CHITTENDEN,
*January*,
1843.

STATE *v.* G. H. FOX.

State
*v.*
Fox.

An indictment against an individual, unconnected with others, for aught that was averred, predicated upon that section of the statute relative to offences against public policy, which inflicts a penalty upon each individual of any company of players or persons whatever, who shall exhibit any tragedies, &c., is insufficient.

INFORMATION, in five counts, filed by the state's attorney, founded on the fifteenth section of the statute relating to offences against public policy, which declares, that if " any company of players or persons, whatever, shall ex- " hibit any tragedies, comedies," &c. " in any public " theatre or elsewhere, for money," &c. " each person so " exhibiting, shall forfeit and pay a fine not exceeding two " hundred dollars."

The first count of the information charged " that G. H. Fox, of Burlington, in said county of Chittenden, on the 4th day of July, A. D. 1842, with force and arms, at Burlington, aforesaid, did exhibit comedies, farces and ludicrous compositions, to divers citizens of this state, for money, as a reward for his the said G. H. Fox's service and labor therein, contrary " &c.

The remaining counts varied the description of the offence, and charged the exhibition of a specific comedy, and the reception of money from individuals named ; but omitted to charge the respondent with the commission of the acts complained of, as one of a " company of players or persons."

The respondent pleaded not guilty. The jury returned a verdict of guilty ; and the respondent moved in arrest of judgment for the insufficiency of the information. The motion was overruled, and the respondent excepted.

*J. Maeck* for respondent.

' That the respondent belonged, either to a company of players or a company of other persons exhibiting tragedies, &c., in a public place, with the intent to be rewarded for his services, and inviting, or suffering the public, generally, to witness the performance, is not charged in any of the counts of the indictment. But all these are essential ingredients to constitute the offence, and necessary to be

alleged and proved, before a conviction can be had un-
der the statute.   If a single individual, only, exhibits,
it is not within the act.   To render him so, the court must
read the statute in this way :  " *If any person shall,*" *&c.*
wholly rejecting the word " company. "   But whether the
individual does the act entirely alone, without any connex-
ion with any others, or in connexion with others, is very
material.   In the first instance, it is not declared to be un-
lawful ;  in the other it is visited with  heavy penalties.   The
true reading of the statute we insist is this—" If any com-
pany *of players or any company of other persons,* shall,"
&c.   This accords best with the rules, both of grammar
and construction of statutes.   " A statute ought, upon the
" whole, to be so construed that if it can be prevented, no
" clause, sentence or word, shall be superfluous, void or
" insignificant." 6 Bacon, 380,  Wilson's Ed.  1 Shower, 108.
*Rex* v. *Berchett,* Hard. 344.   To give it the construction
contended for by the prosecutor, the clause,  " *if any com-*
" *pany of players,*" is wholly superfluous, and the word
company will be rendered wholly void.

Again :  On the same  page of Bacon,  citing 1 Inst. 381,
for his authority, the rule is laid down,  " that the most nat-
" ural and  genuine  way of construing a statute is,  to con-
" strue one  part by another part of the same statute."   In
various other sections of the same statute, when the act may
be fully and effectually performed by a single individual, the
legislature have attached a penalty to it, though no other one
participated with him in the performance.   This plainly
shows they did not intend to make this offence penal,
unless more than one was concerned in the commission. The
motive of the legislature in impeding amusement and
instruction to the people does not appear ; and, as there is
no preamble we cannot conjecture whether they had the
morals of the people in view, or designed to regulate the
currency or exchanges.   If the latter, it is obvious that a
single teacher of elocution, like the respondent, would do
little damage to the treasury, while a complete travelling
theatre might create a suspension.   The one then would be
a proper subject of prohibition ;  the other not.

But, to construe the statute so as to make the facts there
charged, an offence under it, the court must dispense with

another important rule, which ought always to be observed, in construing statutes, to wit: that penal statutes are construed strictly. In Plowden 17, *Regina* v. *Togassa*, 6 Bac. Ab. 390, the rule which is most peculiarly applicable to this case, is laid down thus—" The rules of the common law ' will not suffer the general words of a statute to be restrain- ' ed to the prejudice of a person upon whom a penalty is ' inflicted. But there are a multitude of cases to show, that ' the general words of a statute ought to be restrained, in ' favor of such person."

*H. Leavenworth, State's Attorney*, for plaintiff.

1. The expression in the statute—" Any company of players or persons whatever"—evidently means a company or a person, and not company of players or company of persons. That is, if a company of players, or if an individual, shall exhibit theatrical shows, &c. they shall suffer the penalty of the statute—the word persons, by construction, meaning the same as person. Hence all the counts in the indictment are sufficient in alleging that the respondent exhibited theatrical shows.

2. The language of the statute is the most concise possible. It consists of words most ordinarily used ; and it would have been unnecessary to have used any more or other words. The framers adopted a correct rule in using as few words as possible to express their intention.

3. To connect the word company with the word person would be a repetition, for the word company refers to persons when used in connection with the word players. A company of players is nothing more, of course, than a company of persons ; and if the statute was designed only to punish those persons who were connected with companies, then the expression company of players would have been sufficient. But the framers of the statute, after they had used the expression " company of players," saw it would not comprehend those individuals who might exhibit theatrical shows, and they added the common expression, " or persons whatever ; " which in fact is the same as if they had said, any person or persons whatever.

4. The expression, " each person so exhibiting," in the last part of the section, further supports the construction

CHITTENDEN,
January,
1843.

State
v.
Fox.

contended for. The expression, " each person," refers to individuals who exhibit, who are not connected with com-panies, as well as those that are.

CHITTENDEN,
January,
1843.

State
v.
Fox.

5. The framers of the statute must have had in their minds those individuals who exhibit theatrical plays, who were not connected with companies, as well as those who were. It would be contrary to reason and common sense to conclude otherwise ; and having in their minds both classes of persons, they have most evidently comprehended both in the statute.

6. Though penal statutes should be construed strictly, yet they should not be construed so strictly as to defeat the obvious intention of the legislature. *United States* v. *Wiltbergen*, 5 Wheaton's R. 76.

The opinion of the court was delivered by

BENNETT, J.—This case comes before the court upon a motion in arrest, for the insufficiency of the information. It is one of the first principles relative to indictments that they must contain such facts and circumstances, as are necessary to constitute the offence. Several objections are made to this information ; but it is of no importance to consider but a single one. The 15th section of the statute relative to offences against public policy, page 448, upon which this information is founded, provides, " that if any company of players, or persons, whatever, shall exhibit any tragedies, &c. in any public theatre or elsewhere, for money, &c., each person so exhibiting, shall forfeit and pay a fine not exceeding two hundred dollars. In none of the counts in this indictment is it alleged that Fox was one of a company of players or persons ; and to my mind it is quite clear that no single individual, unconnected with others, can commit the offence contemplated in this section of the statute. The evils intended to be prevented by this statute, arose from a company of players, or of persons professing to act as such, going about the state and getting up their various exhibitions ; and not from the acts of individuals.

Besides, the obvious grammatical construction is for the word " persons " to stand connected with " players ;" both in the same case ; and the one extending, as the case might be, to individuals, not, perhaps, included in the other.

The penalty is inflicted " upon each person so exhibiting."
All penal statutes are to be construed strictly; and general
words are not to be restrained, to the prejudice of a person
upon whom a penalty is inflicted; though they will be res-
trained in favor of such person. In the county court I was
of the opinion that the indictment was bad; but we thought
best to overrule the motion, that the question might pass to
the supreme court. The result is, that the judgment of the
county court is reversed, and the sentence of the court
arrested.