## STATE *v.* JOSEPH H. PETERS.

*Listers. Perjury. Pleading. Indictment. Criminal Law.* R. L. ss. 3, 2658.

Towns are required by statute to elect annually three, four, or five listers, who constitute a board, a majority of which is essential to legal action; one acting alone has no jurisdiction; his acts would be void; hence, an indictment, charging a lister with perjury in that he had violated his official oath, is defective without allegation of the election of the requisite number of listers, and that they *qualified and acted as such.*

INDICTMENT charging the respondent with perjury for violating the official oath as lister. Heard on demurrer to the indictment, December Term, 1883, Orange County, ROWELL, J., presiding. Demurrer overruled.

The indictment consisted of ten counts:

The first alleged, that the respondent, Dudley K. Andross, and Preston S. Chamberlin were duly elected listers, etc.; "that under and by virtue of the provision of an act of the legislature of the State of Vermont, approved December 22, 1880, entitled 'An Act to Equalize Taxation,' it was requisite and necessary that said Joseph H. Peters, as well as the other persons so elected as listers for said town, before entering upon the duties .of said office, should take and subscribe an oath in that behalf required and provided in said act, and of the import and effect following, to wit: That he the said Joseph H. Peters would appraise all the personal and real property subject to taxation in said town of Bradford, so far as required by law, at its true value in money," etc.; that said Peters accepted and assumed the duties of said office; that he took the oath, etc.; "and the

said Joseph H. Peters then and there swore and took his corporal oath, before the said John B. Peckett, Jr., notary public as aforesaid, that as such lister for said town of Bradford he, the said Joseph H. Peters, as such lister, would appraise all the personal and real property subject to taxation in the said town of Bradford, so far as required by law, at its true value in money, and that he would set the same into the said grand list of said town of Bradford at one per cent of its true value in money, and that he would faithfully discharge all the duties conferred upon him by law;" that one Hale was the owner of twenty-five shares of the paid up capital stock of the Bradford Savings Bank, which shares were of the full value of $2,500; and that said Peters knew the value of the said shares.

It was further alleged:

"Yet he, the said Joseph H. Peters, as such lister, devising, and wickedly and corruptly intending not to appraise all the personal property subject to taxation in said town of Bradford, so far as required by law, at its true value in money, nor to set the same into the grand list of said town at one per cent of its true value in money, but wickedly and corruptly intending to appraise said personal property, to wit: Said twenty-five shares of the paid up capital stock of the said Bradford Savings Bank and Trust Company of the said Loami F. Hale, at a sum far less than the true value thereof in money, and to set the same into the grand list of said town of Bradford, at a sum far less than one per cent of the true value thereof in money, did then and there, to wit: At Bradford aforesaid, on, to wit, the first day of April, A. D. 1881, falsely, maliciously, wilfully, wickedly, and corruptly, and by his own proper act and consent appraise the same at a sum far less than the true value thereof in money, to wit, at the sum of $1,625, and in like manner falsely, maliciously, wilfully, wickedly, and corruptly did set the same into the grand list of said town of Bradford, at a sum far less than one per cent of the true value thereof in money, to wit, at one per cent of such reduced valuation and appraisal, so made as aforesaid by him, the said Joseph H. Peters, as such lister." * * * And so the grand jurors, etc., say, etc., that said Peters "did commit wilful and corrupt perjury," etc.

Other instances of undervaluation were set out in the

other counts. But there was no allegation that either of the other two listers qualified or acted.

A. M. Dickey and John H. Watson, for the respondent.

There is no allegation as to what action the town took as to the number of listers; and none that Andross and Chamberlin, or either of them, ever took the oath of office as lister, or assumed the duties thereof.

The indictment and all the counts therein rest upon the ground, that said Joseph H. Peters after personally being qualified by taking the oath of office, etc., had full power to perform all the duties of the office of lister; and especially, all the duties in said indictment and all the counts thereof named to be performed by said lister or listers alone, and without the participation therein of the other listers, or the either of them, which basis is false and illegal, in that there must be at least *three* listers, and nothing less than the majority of such board can perform the said duties of said office. R. L. s. 3.

It has always been held at common law, that in the exercise of a public as well as private authority, whether it be ministerial or judicial, all the persons to whom it is committed must confer and act together, unless there be a provision that a less number may proceed, where the authority is public, and the number is such as to admit of a majority, that will bind the minority, after all have duly met and conferred.

The indictment is clearly defective. *Downing* v. *Rugar*, 21 Wend. 178; *Low* v. *Perkins*, 10 Vt. 532; *Hodges* v. *Thacher*, 23 Vt. 455; Cool. Tax. 193; *Lee* v. *Parry*, 4 Denio, 125; *Powell* v. *Tuttle*, 3 N. Y. 396; *People* v. *Supervisors*, 11 N. Y. 563; *Williamsburgh* v. *Lord*, 51 Me. 599; *Middletown* v. *Berlin*, 18 Conn. 189; *Kinney* v. *Doe*, 8 Blackf. 350; *Bellinger* v. *Gray*, 51 N. Y. 610; *State* v. *Hanna*, 84 Ind. 183; *Lamoreaux* v. *O'Rourk*, 3 Abb. N. Y. App. 15. It is evident that the intention of the legislature has been to vest the authority

in a *board* of listers, instead of each individual lister. Has not the tax-payer the right to the judgment of this board, or a majority of it, in the performance of these duties? *Ayers* v. *Moulton*, 51 Vt. 115; *State* v. *Freeman*, 15 Vt. 723; *State* v. *Fitts*, 44 N. H. 621; *State* v. *Fox*, 15 Vt. 22; *People* v. *Tracey*, 9 Wend. 265. The indictment must contain enough so that the offense may judicially appear to the court. Whar. Cr. Law, s. 285; 2 Hawk. P. C. c. 25, s. 57; *State* v. *Benjamin*, 49 Vt. 101; *State* v. *Sorogan*, 40 Vt. 455; Arch. Cr. Pl. 87.

*J. K. Darling,* State's Attorney for the State.

This indictment is under the Act of 1880, No. 78. The offense was committed in 1881; and the indictment was found in June, 1883. All that was necessary to allege was the substance of the offense. R. L. s. 4266. It was sufficient to substantially follow the words of the statute. *State* v. *Little,* 1 Vt. 331; 6 Vt. 598.

We insist that every essential element to make out the crime of perjury has been fully alleged and averred in the indictment, especially so, in view of our statute: The election, the statute, the materiality of the acts, the taking of the oath, the authority of the magistrate before whom he subscribed and swore to the oath, the particular instances in which he wilfully, wickedly, and maliciously violated his said oath; and further, that the respondent knowingly violated the same.

As to taking the list being the joint act of all the listers: The respondent's election to the office was separate and alone; he took and subscribed to the oath separate and alone; his entering upon the duties of his office was his own personal act. And the appraising of the real and personal property, and the setting of the same into the grand list, and the receiving of inventories without having been properly sworn to, may, from anything which now appears, have been his own personal acts. But suppose they were not, and were the joint acts of all the listers, they were not less the acts of the respondent.

But if it were true, it cannot be taken advantage of by demurrer. 2 Whar. Cr. Law, s. 2208. The averments are sufficient to show that the respondent committed the acts which by the statute constitute the crime of perjury. 1 Whar. Cr. Law, s. 429.

*Phineas Chamberlin*, for the State.

The indictment is sufficient, if the substance of the offense charged is clearly stated, and if the name and official character of the person administering the oath is set out. R. L. s. 4265; Arch. Cr. Prac. p. 592.

Here it is distinctly charged, that certain persons owned personal and real property within the respondent's jurisdiction, of a fixed value, which value was known to him in his official capacity, yet with this knowledge in his possession, he appraised it wilfully and corruptly at less than what he knew it was really worth.

By taking the oath prescribed by the statute it became each lister's duty to appraise every item of personal and every parcel of real property at its true value in money, and any wilful and intentional undervaluation or appraisal is a material violation of the oath, and makes the lister who does it liable to a prosecution for perjury. *State* v. *Powell*, 2 Met. (Ky.) 10; *State* v. *Hughes*, 5 Allen, 499; *State* v. *Biebusch*, 32 Mo. 276; *State* v. *Johns*. 6 Gray, 274; *State* v. *Chandler*, 42 Vt. 446; Arch. Cr. Prac. p. 597.

The opinion of the court was delivered by

TAFT, J. This case was heard upon demurrer to an indictment charging the respondent with having violated the oath taken by him as lister for the town of Bradford in the year 1881. It is alleged in the indictment that the respondent, Dudley K. Andross, and Preston S. Chamberlin were duly elected listers at the annual March meeting in that year. It is not alleged that either Andross or Chamberlin ever qualified or acted as such. It is claimed that the want

of such allegation renders the indictment defective. Sec. 2658, R. L., provides that towns shall choose annually three, four, or five listers, and the number so chosen have joint authority to proceed in the discharge of their duties by preparing the annual lists. The concurrence of a majority of the board is sufficient—R. L. s. 3—and is required in all cases. The listers act as a board; and in order to give them jurisdiction of the matters before them, it is essential that the requisite number should be chosen and qualified. If a town chooses but one lister, it is evident that he alone has no authority to act in, or jurisdiction of, the matters which should properly come before the board. And until the legal number of listers is duly chosen and qualified, one member cannot commit the crime of perjury by violating the oath required to be taken. His acts would be null and void in every respect. We are not called upon to decide what the effect of electing only a major part of the board would be, as there is no allegation that any one, save the respondent, ever qualified or acted as lister. It is an essential requisite in every indictment, that all matters material to constitute the particular crime charged, should be positively and distinctly alleged. In *State* v. *Fox*, 15 Vt. 22, the respondent was indicted under a statute imposing a penalty upon each person of a company of players who should exhibit tragedies, &c. There was no allegation that Fox was one of a company; and the court said that no single individual unconnected with others could commit the offense, and adjudged the indictment insufficient. The election, qualification, and action of a board of listers—an essential ingredient constituting the offense—not being alleged, the indictment is defective. The judgment of the County Court is reversed, the demurrer sustained, the indictment adjudged insufficient, and the respondent discharged.