## HITESMAN v. THE STATE.

CUSTOM.—A court has no right to assume the existence of a uniform rule and custom, not proved or admitted of record.

SAME.—*Criminal Law.—Perjury.—Instruction.*—On the trial of a defendant on an indictment for perjury, it was error for the court to instruct the jury that they must find, "beyond a reasonable doubt, that the defendant was sworn before giving the evidence on which he is charged with having committed perjury; but it being the uniform rule and custom in the courts to administer oaths to witnesses before they testify, you will be justified in finding that the defendant was sworn on less evidence than would be necessary to establish a fact of a different character, not occurring according to any fixed rule or custom."

INDICTMENT.—*Perjury.*—An indictment for perjury must state the name of the officer by whom the oath was administered, and it is bad if it states in the same count the names of three officers as the persons who administered the oath.

From the Elkhart Circuit Court.

*J. H. Baker* and *J. A. S. Mitchell*, for appellant.

*C. A. Buskirk*, Attorney General, and *J. M. Vanfleet*, for the State.

BUSKIRK, C. J.—The appellant was convicted in the court below of perjury, and was sentenced to the penitentiary for four years. The court overruled motions for a new trial and in arrest of judgment, and these rulings are assigned for error.

It is claimed that the court erred in giving instructions to the jury. The first instruction complained of is in these words:

"It is necessary that the jury shall be satisfied, beyond a reasonable doubt, that the defendant was sworn before giving the evidence on which he is charged with having committed perjury; but it being the uniform rule and custom in the courts to administer oaths to witnesses before they testify, you will be justified in finding that the defendant was sworn on less evidence than would be necessary to establish a fact of a different character, not occurring according to any fixed rule or custom."

The above instruction assumes, not simply that witnesses are required by law to be sworn, but that as a fact " it is the uniform rule and custom in the courts to administer oaths to witnesses," hence the jury should convict on less evidence than in other cases. The court had no right to assume the existence of a uniform rule and custom, not proved or admitted of record. If there was proof or an admission in reference to such rule and custom, the jury should have considered such proof or admission in connection with the other evidence in the cause, and upon the whole evidence should have determined whether it was established beyond a reasonable doubt that appellant had been sworn. It was a question for the jury, and not for the court. As to the right of a court in charging a jury to assume the existence of a fact, see *Barker* v. *The State, ante,* p. 163.

Besides, the jury were charged that they might convict on less evidence than would be necessary to establish a fact of a different character. It was essential to a conviction that the jury should be satisfied from the evidence, beyond a reasonable doubt, that the appellant was sworn before he testified. The jury had no right to take into consideration a fact which was not proved or admitted. *Clem* v. *The State,* 42 Ind. 420. The instruction was well calculated to mislead, because the jury were instructed that they would be justified in convicting on less evidence, without defining how much less evidence would suffice. The jury had no right to convict unless the guilt of the accused was made out beyond a reasonable doubt, and the jury were the exclusive judges of the weight and sufficiency of the evidence.

The court also charged the jury in these words:

" The indictment charges that the defendant was sworn by Wm. A. Wood, judge of the court, Laporte Heefner, clerk, and Thomas H. Daily, deputy. I instruct you, that any one of these persons, if you find from the evidence that said persons were such officers, had competent authority to administer an oath to the witness; and you must be satisfied beyond a reasonable doubt, that one of these three persons administered

the oath to the defendant at the trial; but the court instructs. you that it is not necessary that you should be able to find beyond a reasonable doubt, from the evidence, which one of them administered the oath."

The above instruction was correct if the indictment was good. The motion in arrest calls in question the sufficiency of the indictment. The statute requires, that " in indictments. for perjury in a judicial proceeding, it shall only be necessary to set forth, in the indictment, the names of the parties to the suit in which the perjury is alleged to have been committed; in what court the party charged was sworn, and by whom, averring such court or officer to have competent authority; the statement sworn to, together with the proper averment to falsify the matters whereof the perjury may be assigned," etc.  2 G. & H. 451, 452, sec. 44.

It is expressly provided that the indictment shall state by whom the oath was administered. This requires that the name of the officer shall be given. The word " officer " is used in the statute. The use of the singular noun implies that the oath shall be administered by one person. The defendant has the right to prove in defence that the person by whom the oath was administered had no competent authority to administer oaths. If an indictment may charge that the oath was administered by three persons, a defendant would be embarrassed in making his defence. If doubt exists as to who administered the oath, the proper course is to set out the matter in different counts. In one it might have been charged that the oath was administered by Wm. A. Wood, the judge; in another that it was administered by Laporte Heefner,. clerk; and in still another, that it was administered by Thomas H. Daily, deputy. If thus charged, proof of either count would be sufficient. We think the indictment was bad for uncertainty, and that the court erred in overruling the motion in arrest of judgment.

The judgment is reversed; and the cause is remanded, with directions to the court below to arrest the judgment; and the

clerk will give the necessary notice for the return of the prisoner.

Petition for a rehearing overruled.