[Crim. No. 116.    Department One.—March 23, 1896.]

## THE PEOPLE, RESPONDENT, *v.* H. E. HOWARD, AP-<br>PELLANT.

CRIMINAL LAW—PERJURY—INSUFFICIENT COMPLAINT—FAILURE TO AVER
    JURISDICTIONAL FACTS—MOTION TO SET ASIDE INFORMATION.—A com-
    plaint for perjury alleged to have been committed in a criminal pro-
    ceeding in a recorder's court which fails affirmatively to state facts
    showing that the recorder's court had jurisdiction of the subject mat-
    ter of the action in which the oath was taken, or that the offense
    charged in that action was committed within the jurisdiction of the
    recorder's court, is insufficient as a basis for an examination or com-
    mitment for the crime of perjury, and a motion to set aside an informa-
    tion for such crime, upon the ground that the defendant had not been
    legally committed by a magistrate, should be granted.

ID.—INFORMATION LIMITED BY COMPLAINT.—The complaint lodged with the
    magistrate constitutes the basis of the prosecution, and the defendant
    may be informed against and tried for any offense charged in the com-
    plaint, or included therein, but beyond that limitation the prosecution
    cannot go, and if the complaint is insufficient to charge a public offense,
    no information thereon can be sustained.

ID. —TEST OF SUFFICIENCY OF COMPLAINT.—The complaint must show that the defendant has been guilty of some designated offense; though it need not necessarily charge the offense with all the technical nicety of an indictment or information; but it must state the essential elements of the crime to a common certainty.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. B. N. SMITH, Judge.

The facts are stated in the opinion of the court.

*Tanner & Taft* and *Goodrich & Garrison,* for Appellant.

The district attorney had no jurisdiction to file the information. (*People* v. *Christian,* 101 Cal. 471.) The complaint for perjury should have stated facts showing the jurisdiction of the recorder's court, and that the officer before whom the oath was alleged to have been taken was a judicial officer and authorized to administer oaths in such cases. (*State* v. *Crumb,* 68 Mo. 207; 4 Lawson's Defenses to Crime, 432; *People* v. *Eppinger,* 105 Cal. 39.) The false oath must be shown to be material in the case in which it is taken. (Pen. Code, sec. 118; *People* v. *Leon Yan,* 97 Cal. 224; *People* v. *Ah Sing,* 95 Cal. 657; *Donohoe* v. *State,* 14 Tex. App. 638; 4 Lawson's Defenses to Crime, 383.)

*W. F. Fitzgerald, Attorney General,* and *Charles H. Jackson, Deputy Attorney General,* for Respondents.

The original complaint by defendant Howard, in the recorder's court, showed the venue and jurisdiction of the recorder's court, and the complaint for perjury alleged that the false oath was taken by defendant before the recorder as a competent officer in a criminal complaint in writing in said recorder's court, in which such oath was properly administered. This court takes judicial notice of the jurisdiction of courts established by law in this state. (Code Civ. Proc., sec. 1875.)

VAN FLEET, J.—Defendant was convicted of perjury in the superior court of the county of Los Angeles, and

appeals from the judgment and an order denying him a new trial.

Upon his arraignment defendant moved to set aside the information, upon the ground that he had not been legally committed by a magistrate. The motion was denied, and its denial is the basis of one of the excep- tions upon which defendant relies for a reversal of the judgment.

The complaint lodged with the magistrate, upon which the prosecution is founded, attempted to charge defend- ant with having, on October 25, 1894, at the city of Pasadena, in said county, committed perjury before one J. G. Rossiter, the recorder of said city, in falsely swear- ing to a criminal complaint charging one Howard with a misdemeanor in disturbing a religious meeting. The material part of the complaint, after alleging the taking of the oath, the official character of the officer before whom the same was taken, and his competency to ad- minister such oath, is: "That said defendant did then and there willfully, and contrary to said oath, state as true that this affiant did, on the seventh day of October, 1894, disturb and disquiet an assemblage of people met for religious worship, by noisy, rude, and indecent be- havior," etc., the truth of the statement being then negatived.

Upon this complaint defendant was examined and held to answer for the crime of perjury, and thereupon the district attorney filed the information in question, charging defendant with such offense.

It is urged on behalf of defendant that this complaint did not charge a public offense; and did not for that reason constitute a legal basis for a prosecution against defendant, or upon which he could be competently held to answer. The particular objection pointed out as ren- dering the complaint deficient is its failure to show that the recorder before whom the alleged false oath was taken had any jurisdiction of the subject matter of the action in which the oath was taken; that is, that while the averments of the complaint show that the oath was

taken in a criminal prosecution against said Howard before the recorder of said city for misdemeanor, it is not alleged, directly or otherwise, that the said misde-, meanor was committed within the city of Pasadena, and so within the jurisdiction of said recorder. And it is claimed that, unless it affirmatively appear that the false oath was taken in a case whereof the recorder had jurisdiction, the matters sworn to are not material, and do not constitute perjury.

That the complaint in question is lacking in the particular specified is patently manifest. It charges the defendant with falsely stating that Howard "did, on the seventh day of October, 1894, disturb and disquiet an assemblage of people met for religious worship," but it does not show that such misdemeanor was one of which the recorder had jurisdiction to inquire, since it is nowhere alleged that the same was committed within the city of Pasadena.

One of the primary essentials of the crime of perjury is that the false oath must be material or of consequence in the matter or proceeding in which it is taken (Pen. Code, sec. 118); and it is well established that the matter or thing sworn or testified will not be held so material where the officer or tribunal before whom the oath is taken had not jurisdiction of the subject matter of the oath, notwithstanding there may have been general authority to administer oaths in like cases, if within the jurisdiction. (2 Bishop's Criminal Law, secs. 1020–28; 2 Bishop's Criminal Procedure, sec. 905; *Stedman's case*, 1 Cro. Eliz. 137; *Wyld* v. *Cookman*, 2 Cro. Eliz. 492; *State* v. *Jackson*, 36 Ohio St. 281; *State* v. *Peters*, 57 Vt. 86; *United States* v. *Curtis*, 107 U. S. 671; *Jackson* v. *Humphrey*, 1 Johns. 497.)

And it is equally well settled that the facts showing such jurisdiction must be affirmatively alleged. (2 Bishop's Criminal Procedure, sec. 905; *Stedman's case*, *supra; Heitseman* v. *State*, 48 Ind. 473.) Says Mr. Bishop in the section above cited: "Since, to render a false swearing perjury, there must be an issue or inquiry

before some tribunal or person competent in law to act therein, this must be alleged, and in a way to show jurisdiction."

It is quite obvious that the complaint in question must, within the test of these principles, be held bad, since everything charged therein might be indisputably true, and yet perjury be not shown.

It remains to be determined whether the fact that the complaint upon which a defendant is arrested and committed states no offense against him, is so fatal to the regularity of the proceeding as to require the information based thereon, itself sufficient in form, to be set aside upon the ground that he has never been legally held to answer. Some of the earlier cases, arising under the provision of our present constitution providing for prosecutions by information, seem to treat the character or sufficiency of the complaint before the magisrate as largely an immaterial or nonessential factor in determining the regularity of the proceeding for a commitment (see *People* v. *Velarde*, 59 Cal. 457; *People* v. *Wheeler*, 65 Cal. 77; *People* v. *Staples*, 91 Cal. 23); although none of those cases, we think, go to the extent of holding that the complaint need not state an offense. But in the recent case of *People* v. *Christian*, 101 Cal. 471, where the latest expression of the court upon the subject is to be found, all the earlier cases are fully reviewed, and the reasoning and conclusion in that case would seem to impart more dignity and importance to the office of that pleading in criminal prosecutions than theretofore accorded it. In that case the defendant was charged with an assault with a deadly weapon upon one George Magin, and was held to answer therefor. The district attorney filed an information charging him with such an assault upon one George "Massino." It was held that the information must be set aside; the court, after stating the facts, showing that defendant had been brought before the magistrate to defend himself against a charge of assaulting Magin, saying: "Under those circumstances, and under a complaint charging

that offense, he could not be called upon to defend himself for assaulting one Massino, for there was no complaint on file upon which to base an examination of that character." And, after reviewing the cases upon the subject, it is said: "It may be laid down as an unquestioned proposition that the district attorney has no authority to disregard the commitment, and cull from the evidence taken at the preliminary examination some real or imaginary offense not included in the complaint upon which the defendant was charged and examined. . . . . The district attorney is not only required to file the information for some offense included in the allegations of the complaint, but the magistrate likewise only has the power to commit for some offense included therein."

The principles to be deduced from this case are that the complaint lodged with the magistrate constitutes the groundwork of the whole superstructure to be thereafter built thereon, and draws the lines which must circumscribe the limits the prosecution can take. The defendant, in other words, may be competently informed against and tried for any offense charged in the complaint, or included therein, but beyond that limitation the prosecution cannot go. And this doctrine would seem to be in accord with the spirit and intent of the statute interpreting the purpose of the constitution. As remarked in *People* v. *Christian, supra:* "If such were not the true rule, the whole procedure as to preliminary examinations would be absurd, and as to the defendant a mockery. Where defendant is brought before a magistrate charged with having committed a public offense, he must be informed of the charge against him and advised as to his right to the aid of counsel in every stage of the proceeding. He is entitled to a certain time to prepare his defense. These provisions of the statute clearly contemplate that he shall be required to defend himself against the crime *with which he is charged,* and no other crime. He has not been notified

of any other charge, and, consequently, is not prepared to defend himself against another charge.

"There is no provision of the statute by which a defendant may take advantage of the admission of immaterial or incompetent evidence by the magistrate. Hence, all manner of crimes may be proven against him, and thus the district attorney would have the privilege of selecting the most heinous on which to frame his information. Such is not the law, and whenever a defendant is informed against for an offense different from that charged in the complaint upon which he was examined, or not included therein, he has had no examination for that offense, and is entitled to have the information set aside, upon the ground that he has not been legally committed."

From these principles it would seem to follow as a necessary corollary that, if the complaint is the measure of the people's rights in proceeding against a defendant in any case, such complaint must charge him with a public offense. If the commitment and information cannot go beyond the complaint, and the latter fails to state any crime, the logic is irresistible that the defendant has not been legally held to answer for an offense. And this must be true. It cannot be that it was ever contemplated, either by the framers of the constitution, or the legislature proceeding under that instrument, that a party can be arrested and put to the indignity and public shame of detention and examination upon a criminal charge, to say nothing of the inconvenience and pecuniary detriment incurred thereby, without a formal complaint, which charges, at least in substantial effect, some offense known to the law. For, if the complaint need not state an offense, it would subserve no useful purpose, since a pleading which does not state a cause of action is in legal contemplation no pleading. That such was not the purpose or intent of the legislature is evident from section 806 of the Penal Code, which provides that: "The complaint is the alle-

gation in writing, made to a court or magistrate, that a person has been guilty of *some designated offense.*"

Of course, such complaint need not necessarily charge the offense with all the technical nicety of an indictment or information, but that it must state the essential elements of the crime to a common certainty we have no doubt. In this requirement the complaint before us fails, as has been pointed out, and it follows, within the principles above stated, that the district attorney was not authorized to present, as he did, an information which traveled outside the complaint for facts upon which the charge therein stated is based.

It results from these views that defendant was not legally committed, and the court should have granted his motion to set aside the information. This conclusion renders it unnecessary to notice the other questions raised.

The judgment and order are reversed and the court below is directed to set aside the information.

GAROUTTE, J., and HARRISON, J., concurred.

Hearing in Bank denied.