[Crim. No. 145. In Bank.—September 8, 1897.]

THE PEOPLE, Respondent, v. LOUIS COHEN, Appellant.

CRIMINAL LAW—PERJURY—AUTHORITY TO ADMINISTER OATH ESSENTIAL.—In order to constitute the offense of perjury, it is essential that the violated oath shall appear to have been administered by competent authority, and it is not sufficient that the officer may have had general power to administer oaths, but it must appear that he possessed authority to administer the oath in the particular proceeding involved; and however false the oath may be, the person making it cannot be convicted of perjury, unless the officer who administered the oath had legal authority to administer it.

ID.—AUTHORITY OF SUPERIOR JUDGE SITTING AS MAGISTRATE.—A superior judge, when sitting as a magistrate. possesses no other or greater powers than are possessed by any other officer exercising the functions of a magistrate, and has no greater authority as such magistrate than that possessed by any justice of the peace, or police judge, and is not accompanied in the discharge of those functions by any general or implied powers, nor by any of those presumptions of regularity which surround him when sitting as a judge of a court of record; and he has no more authority to call in the county clerk or other officer to administer oaths before him than a justice of the peace or police judge would possess.

ID.—AUTHORITY STATUTORY—DELEGATION OF POWER—IMPLICATION AS TO OATH BEFORE MAGISTRATE.—The authority of a judge sitting as a magistrate is purely that given by the statute; and while there is no express provision of the statute requiring the witnesses before a magistrate to be sworn by him personally, neither is there any such giving him power to delegate that duty to another; and, the power being statutory, the implication would be that it was intended that the oath should be administered by the magistrate.

ID.—DIRECTION TO ADMINISTER OATH—PLEADING—INSUFFICIENT INDICTMENT. Assuming that the magistrate may competently direct a clerk or other officer to administer oaths in his presence for him, it must be specifically alleged in the indictment or information that the oath was administered at the direction of the magistrate; and an averment that "a duly appointed, qualified, and acting deputy county clerk of the city and county of San Francisco, an officer authorized by law to administer oaths, and to administer an oath to said Louis Cohen," etc., administered the same, is but the averment of a legal conclusion that, being a deputy clerk, the officer was so authorized, and is not an averment that he was so authorized or directed by the magistrate; and the indictment is insufficient to show that any valid oath was administered to the defendant.

ID.—CONSTRUCTION OF CODE—OATH ADMINISTERED IRREGULARLY.—Section 121 of the Penal Code, which provides that "it is no defense to a prosecution for perjury that the oath was administered or taken in an irregular manner," has reference to some mere informality in the substance of the oath as administered before the officer having authority to administer it, and does not excuse the necessity of an oath in substantial form administered by a person of competent authority.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.  William T. Wallace, Judge.

The facts are stated in the opinion of the court.

T. J. Crowley, and H. I. Kowalsky, for Appellant.

It is essential that the oath be taken before an officer having authority to administer it, in the particular case. (Roscoe's Criminal Evidence, 11th ed., 791; Russell on Crimes, 5th ed., 5; 2 Wharton's Criminal Law, 1263; *Van Dusen v. People,* 78 Ill. 645; *Biggerstaff v. Commonwealth,* 11 Bush, 169.) The indictment must show that the officer had authority to administer the oath. (*State v. Dayton,* 23 N. J. L. 49; 53 Am. Dec. 270.) A magistrate is not a court. (Pen. Code, sec. 807.)

W. F. Fitzgerald, Attorney General, and W. H. Anderson, Assistant Attorney General, for Respondent.

The county clerk has general authority to administer oaths. (Code Civ. Proc., sec. 2093.) The administration of an oath is a ministerial act, and when administered by the clerk in the presence of the judge, is regarded in law as administered by the judge. (2 Wharton's Criminal Law, sec. 1315; *Oaks v. Rodgers,* 49 Cal. 197; *Stephens v. State,* 1 Swan, 157–59; *Ayrs v. State,* 5 Cold. 31, 32; *Staight v. State,* 39 Ohio St. 496, 498; *Walker v. State,* 107 Ala. 5, 10.) It is no defense to a prosecution for perjury that the oath was administered or taken in an irregular manner. (Pen. Code, sec. 121.)

VAN FLEET, J.—Defendant was convicted of perjury, alleged to have been committed in testifying falsely on the preliminary examination of one Louis Sternberg on a charge of false registration. He appeals from the judgment and from an order denying him a new trial.

The cause was first submitted here in Department, but without briefs by either party, and upon an oral argument which did not enable the court to reach a conclusion. The case having been thereupon ordered to a hearing in Bank, briefs have since been filed, and a .more satisfactory presentation had of the questions involved.

The first point made by defendant is that the court erred in overruling his demurrer to the indictment. The demurrer was upon the ground, among others, that the indictment .did not conform to the requirements of sections 950, 951, and 952 of the Penal Code, that it was not direct or certain as to the offense

charged, and that the facts did not constitute a public offense—
the particular objection made under the demurrer being that it
did not appear from the indictment that the officer by whom the
alleged false oath was administered had authority to administer
the same.

The allegations of the indictment  material to the inquiry are
in substance that defendant appeared as a witness before the
Hon. William T. Wallace, a judge of the superior court of the city
and county of  San Francisco, "sitting as a magistrate in the
examination of a certain charge then and there pending against
one Louis Sternberg," etc., stating the nature of such charge.
"That thereupon one Joseph I. Twohig, a duly appointed, qual-
ified, and acting deputy county clerk of the city and county of
San Francisco, and an officer authorized by law to administer
oaths, and to administer an oath to the said Louis Cohen, did
then and there," etc., "administer an oath in due form of law to
said Louis Cohen."

The proposition of defendant is that in a preliminary examin-
ation before a committing magistrate of one charged with crime,
the statute makes no provision for the administration of the oath
by other than the magistrate himself; that it gives the latter no
authority to call in another officer to swear the witnesses before
him, but contemplates and requires that the witnesses shall be
sworn by the magistrate personally; that it is not made a part of
the duty of the county clerk or his deputies to attend upon such
magistrate, nor are they authorized to do so, or to administer
oaths in such proceedings; and that the oath administered to
defendant in this instance was therefore not a valid oath of which
perjury may be competently predicated.

One of the primary elements requisite to constitute the offense
of perjury is that the violated oath shall appear to have been ad-
ministered by competent authority.   The officer before whom the
oath is taken must not only have jurisdiction in the proceeding,
but the oath must be alleged and shown to have been adminis-
tered by one having authority to administer it.   And it is not
sufficient that the officer may have had general power to admin-
ister oaths, but it must appear that he possessed authority to ad-
minister the oath in the particular  proceeding involved.   (2
Wharton's Criminal Law, sec. 1262; *Biggerstaff v. Commonwealth,*

11 Bush, 169; 2 Roscoe's Criminal Evidence, *839; *State v. Jackson*, 36 Ohio St. 281; *Regina v. Stone*, Dears. C. C. 251; *State v. Powell*, 28 Tex. 630.)

However false an oath may be, one cannot be convicted of perjury except the officer who administers the oath have legal authority to administer it. (*Van Duzen v. People*, 78 Ill. 645, and authorities above cited.)

While conceding this requirement, the attorney general insists that it is met by the allegations of the indictment. His contention is, first, that a superior judge sitting as a committing magistrate, retains and possesses as such all the powers and attributes possessed by him as a judge of the superior court, with the same general right to require and have the attendance and services of the county clerk as when holding a superior court or transacting judicial business at chambers, and that, consequently, it was just as competent for the clerk to appear and swear the defendant as though the proceeding had been one before the superior court.

This position is untenable. A superior judge, when sitting as a magistrate, possesses no other or greater powers than are possessed by any other officer exercising the functions of a magistrate. The justices of this court, judges of the superior courts, justices of the peace and police magistrates in cities and towns are each and all by the statute made magistrates. (Pen. Code, sec. 808.) The office is purely a statutory one, and the powers and duties of the functionary are solely those given by the statute; and those powers are precisely the same whether exercised by virtue of one office, or that of another. The statute makes no sort of distinction between them. If a judge of a superior court, or a justice of this court, sees fit to assume the duties of a committing magistrate—duties which are usually performed by others—he has no greater authority as such magistrate than that possessed by any justice of the peace or police judge. (*People v. Crespi,*, 115 Cal. 50.) He is not accompanied in the discharge of those functions by any of the general or implied powers, nor by those presumptions of regularity of his proceedings, which surround him when sitting as a judge of a court of record. As such magistrate he is purely a creature of the statute.

While sitting as a magistrate, then, a judge of the superior court would have no more right to call in the county clerk or

any other officer to administer oaths before him than would a justice of the peace or police judge. Nor would the county clerk or his deputies, although generally authorized to administer oaths, have any more right to perform that function before such judge sitting as a magistrate than before a justice of the peace, nor could they be required to do so in the one instance more than the other.

But it is further contended that there is nothing in the statute which requires a magistrate to personally swear the witnesses before him, nor which expressly negatives his right to have the services of a clerk for that purpose, but that the statute would seem to contemplate that he may have such assistance; and that it was therefore competent for the magistrate in this instance to call in the deputy clerk to administer the oath to defendant. While there is no express provision of the statute requiring the witnesses before a magistrate to be sworn by him personally, neither is there any such giving him power to delegate that duty to another, and the power being purely statutory, the implication would be that it was intended that the oath should be administered by the magistrate. If he may call upon the county clerk to perform such service, he could as well call upon a notary public or any other officer authorized to administer oaths. But, assuming that the magistrate may competently employ a clerk or other officer to perform this function, it is obvious that it should, to show authority in such officer, be alleged that the act was done at the direction of the magistrate. There is no such averment here except it be by mere inference or legal conclusion, and that is not sufficient. The fact being material, it must be directly averred to satisfy the rules of pleading, even in a civil action, and, a fortiori, in a criminal pleading.

"Every fact and circumstance necessarily stated in an indictment must be laid positively; that is, the indictment must directly affirm that the defendant did so and so, or that such a fact happened under such and such circumstances. It cannot be stated by way of recital that whereas, etc., or the like. (Citations.)

"The want of a direct allegation of anything material in the description, substance, nature, or manner of the offense cannot be supplied by any intendment or implication whatever; and, therefore, in an indictment for murder the omission of the words 'ex

malitia praecogitata' is not supplied by the words 'felonice murdravit,' although the latter words imply them. (Citations.) So in an indictment for perjury it must appear that the defendant was regularly sworn. (*State v. Divoll*, 44 N. H. 140, 142. See, also, *People v. Howard*, 111 Cal. 655, 658.)

The averment "that thereupon one Joseph I. Twohig, a duly appointed, qualified, and acting deputy county clerk of the city and county of San Francisco, an officer authorized by law to administer oaths, and to administer an oath to said Louis Cohen," etc., is but the averment of the legal conclusion that, being a deputy clerk, the officer was so authorized. It is not an averment that he was so authorized or directed by the magistrate.

But it is said that, even if it be the contemplation of the statute that the oath shall be administered by the magistrate himself, nevertheless the act is purely a ministerial one, which, when performed in the presence and at the direction of the magistrate, is to be deemed to have been performed by him. This proposition involves a rule of evidence, not of pleading; and all of the cases cited by the attorney-general in its support are cases where the administration of the oath was sufficiently averred, but the question arose at the trial on the sufficiency of the evidence to sustain that averment. It may be that had the indictment alleged the administration of the oath to defendant by the magistrate, and at the trial the proof had developed that it was administered by another, but under the magistrate's direction, under the doctrine contended for, the evidence would be held sufficient to sustain a conviction; but here the allegation is that the oath was administered by an officer other than the magistrate, and there is no semblance of an averment that it was at his direction.

Finally, it is urged that it is not the policy of our law that one guilty of perjury should escape punishment by reason of any mere informality or irregularity in the administration of the oath, and section 121 of the Penal Code is referred to, which provides that "it is no defense to a prosecution for perjury that the oath was administered or taken in an irregular manner." Whatever the character of the "irregularity" or informality which would be obviated by this section, it was manifestly not intended to excuse the necessity of a valid oath. A reference to the note appended to that section in the original copy of the code by the

commissioners who framed it indicates that the irregularity referred to in the statute has reference to some mere informality in the substance of the oath, as administered by the officers—one of the citations being a case where the witness was sworn upon a copy of Watt's Psalms and Hymns, the book being supposed to be the Bible; and another class of cases is referred to where the person taking the oath evades some formality with the intent to escape its obligation. We are satisfied that the section does not excuse the necessity of an oath in substantial form administered by a person of competent authority.

From these considerations we are of opinion that the averments of the indictment were insufficient to show that any valid oath was administered to defendant, and that therefore it did not sufficiently allege the offense.

Numerous other exceptions and errors are assigned and relied upon by appellant, principally that there is a fatal variance between the averment and the proof as to the date of the alleged offense; that the proceedings before the committing magistrate were coram non judice and void, because the magistrate had before the date of the alleged offense lost jurisdiction in the premises; that the court committed prejudicial error in its rulings upon evidence, and in charging the jury as to matters of fact, and also in some other respects not necessary to specify. In the view we have taken of the point discussed, however, it will not be essential to notice these various assignments, since the objection to the sufficiency of the indictment presents a fatal obstacle to the maintenance of the judgment, and being fundamental demands a reversal of the judgment, and renders a consideration of the other questions immaterial at this time.

The judgment and order are reversed and cause remanded, with directions to sustain the demurrer.

McFarland, J., Garoutte, J., Henshaw, J., Temple, J., and Harrison, J., concurred.