[Crim. No. 389. Department Two.—July 25, 1898.]

## THE PEOPLE, Respondent, v. JACK BURNS, Appellant.

CRIMINAL LAW—COMMITMENT—POLICE COURT OF LOS ANGELES—VERIFICATION OF COMPLAINT.—The police court of Los Angeles is a valid court, the judge of which has jurisdiction as a magistrate to commit a defendant charged with felony; and its clerk is authorized to administer oaths, and to receive the verification of the complaint upon which the warrant of arrest is issued.

ID.—PRELIMINARY EXAMINATION — JOINT CHARGE.— One who is charged jointly with another person with the commission of a felony, has no statutory right to demand a separate preliminary examination; and the refusal of such demand is not a ground for setting aside the information.

ID.—GRAND LARCENY—INFORMATION—GENERAL DESCRIPTION OF ARTICLES STOLEN.—An information for grand larceny which charges that the defendant did take, steal, and carry away from the person of one named, certain articles described in a general way, sufficiently states the offense, and lays the foundation for a plea of former conviction in the event of a second prosecution.

CXXI. CAL.—34

ID.—INSTRUCTIONS—REASONABLE DOUBT—HARMLESS MODIFICATION.—In an
   instruction requested to the effect that the jury must be convinced
   of the guilt of the defendant "beyond all reasonable doubt," a
   modification by the change of "all" to "a," though without appar-
   ent reason, is harmless.

ID.—REFUSAL OF INSTRUCTIONS AS TO CIRCUMSTANTIAL EVIDENCE—DIRECT
   PROOF.—The refusal of instructions requested upon the subject of cir-
   cumstantial evidence, is not ground for reversal, where the main
   reliance of the prosecution was not upon circumstantial evidence,
   but upon the direct proof of eye-witnesses to the fact of larceny by
   the defendant from the person of the prosecuting witness, while the
   latter was asleep.

ID.—REPETITION OF CHARGES GIVEN.—It is not error to refuse instructions
   which are a repetition of charges already given by the court.

ID.—MISCONDUCT OF DISTRICT ATTORNEY — CROSS-EXAMINATION — FORMER
   CHARGE OF LARCENY.—The district attorney is not guilty of misconduct
   in the cross-examination of a witness who testified to the good
   moral character of the defendant accused of grand larceny, in ask-
   ing a question which hinted at a former charge of larceny against
   the defendant, if it was asked in good faith, with reason to ex-
   pect an affirmative answer, and the impropriety of the cross-exam-
   ination was not so clear that it might not properly be submitted
   to the judgment of the court.

APPEAL from a judgment of the Superior Court of Los An-
geles County and from an order denying a new trial. B. N.
Smith, Judge.

The facts are stated in the opinion of the court.

Tanner & Taft, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson,
Deputy Attorney General, for Respondent.

TEMPLE, J.—The defendant was convicted of the crime of
grand larceny, and this appeal was taken by him from the judg-
ment and from a denial of a new trial.

1. The first point made is that the court erred in overruling
the defendant's motion to set aside the information because the
defendant had not been legally committed by a magistrate.
This is based upon the contention that there is legally no such
officer as the clerk of the police court of Los Angeles, before
whom the complaint upon which the warrant of arrest was is-
sued purported to have been sworn to, and it is further con-
tended that, conceding the existence of such an officer, still such

officer is not a magistrate, and under section 811 of the Penal Code the complaint must be sworn to before a magistrate.

The first proposition was decided adversely to the appellant in *In re Mitchell*, 120 Cal. 384. The second proposition was also decided adversely to him in *People v. Vasalo*, 120 Cal. 168.

2. It is also contended that the defendant was not properly committed, because he was jointly charged with one Tollman, and demanded from the magistrate a separate examination. The statute does not confer this right upon an accused person, and, if it did, the denial of it is not a ground for setting aside the information. Such an error (granting it to be one) would not be jurisdictional.

3. A demurrer to the information was interposed, and upon that the point is made that the description of the property alleged to have been stolen is insufficient. It is charged that the accused did "take, steal, and carry away from the person of Walter McStay one gold-filled case watch and chain and one diamond ring." The description is a very general one; but the fact that the property is charged to have been stolen from the person of Walter McStay will prevent any embarrassment at the trial, and any difficulty in establishing a plea of former conviction in the possible event of a second prosecution. The offense is sufficiently described, and that is all that is necessary.

4. The contention that there was not sufficient evidence to sustain the verdict cannot be maintained. The evidence is ample, though conflicting.

5. In the instruction to the effect that the jury must be convinced of the guilt of the defendant "beyond all reasonable doubt," the court changed the word "all" to "a." The difference made, counsel has not been able to state, but they think that the fact of the change may have induced the jury to believe that the word "all" was too comprehensive, and that they need only be convinced beyond some particular reasonable doubt. Why the judge made the change I cannot imagine, nor yet how any injury could result from the change.

6. The court refused two instructions in regard to circumstantial evidence. One refers to criminal cases, "where the prosecution rely upon circumstantial evidence for a conviction"; the other case "where circumstantial evidence is relied upon

to connect a defendant with the commission of a public of-
fense." It cannot be said that the reliance in this case was en-
tirely, or mainly, upon circumstantial evidence. I think two
of the witnesses testified to seeing the defendant in the act of
removing the ring from the cravat of the prosecuting witness,
while he was asleep. True, they could not see the ring during
the operation, for the hand of the defendant was in the way,
but they had seen the ring upon the cravat and saw him appar-
ently slipping it off, and noticed, after the operation, that it was
gone. This can hardly be said to be a case of circumstantial
evidence.

7. One Summerville was examined as a witness on behalf of
the defendant to prove his good moral character. On cross-
examination the district attorney asked him who he had heard
speak of the defendant. The witness mentioned one Mr. Davis,
who was an attorney, and said that Mr. Davis had said defendant
was a nice man. He was asked if Mr. Davis had not said that
Burns had paid him in full for defending him upon a charge of
larceny. The witness replied "he did not." At this point the
defendant objected, and asked the court to strike out the
evidence, which the court did. It is contended that this was
misconduct on the part of the district attorney, and that a new
trial should be had on that ground. Whether the district attor-
ney was guilty of misconduct or not depends upon whether the
question was asked in good faith or not. If the district attorney
had reason to think there was no truth in the charge of former
delinquency so hinted at, his conduct was most reprehensible; but
we have no right to assume that such was the case. If the
district attorney did have reason to expect an affirmative answer,
it is not entirely clear that the examination was not proper; at
all events, it is not so plain that we can say that the question
was not asked in good faith, and that it was not proper to take
the judgment of the court upon the subject. Objection is made
to the refusal to give two other instructions, not noticed hereto-
fore, but it is evident as to them that the court was only asked
to repeat charges already given, and there can be no benefit
in our going over them *seriatim.*

The judgment and order are affirmed.

McFarland, J., and Henshaw, J., concurred.