[Crim. No. 2321. Second Appellate District, Division One.—July 12, 1933.]

THE PEOPLE, Appellant, v. JACK MALOWITZ, Respondent.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, Buron Fitts, District Attorney, and Frank W. Stafford, Deputy District Attorney, for Appellant.

Harry J. Miller for Respondent.

HOUSER, J.—By each of five counts contained in a complaint filed in the Municipal Court of the City of Los Angeles, defendant was charged with the commission of the crime of grand theft. At the close of his preliminary examination thereon in said court, the presiding magistrate therein orally announced that defendant would be discharged as to each of four counts, but that he would be held to answer in the superior court on one specified count only contained in the complaint, and thereupon directed the prosecuting attorney to prepare a special commitment in accordance therewith for the signature of the magistrate. However, in either attempted or purported compliance with the pertinent provisions of section 872 of the Penal Code, at that time the magistrate indorsed upon the complaint a written order of which the following is a copy:

"It appearing to me that the offense in the within deposition mentioned, to-wit: ———— has been committed, and that there is sufficient cause to believe the within named ———— guilty thereof, I order that he be held to answer to the same, and that he be admitted to bail in the sum of $2500.00

Dollars and that he be committed to the custody of the Sheriff of Los Angeles County until he give such bail.''

Ten days later, without the presence of either the defendant or his counsel, and without any opportunity being afforded to either of them to be heard in connection therewith, the magistrate signed a second or ''special'' order of commitment of defendant by which he was held to answer to the superior court on each of two counts of grand theft, but which commitment embraced all the several counts contained in the complaint. Thereafter and in pursuance either of the original commitment indorsed on the complaint, or of the second or ''special'' commitment, an information was filed in the superior court against defendant by which, in each of five counts contained therein, he was charged with the commission of the crime of grand theft. Subsequently, an amended information was filed in the latter court, by which information, in each of five counts thereof, defendant was likewise accused of the commission of the said crime of grand theft; and, in addition thereto, by a sixth count therein contained, purportedly in pursuance of evidence adduced on the preliminary examination of defendant, he was charged with the commission of a separate crime of the same kind and character. By order of the trial court, a motion presented by defendant to set aside the said amended information on the ground that he had not been ''legally committed'' (sec. 995, Pen. Code) was granted. It is from such order that the instant appeal is prosecuted.

By the terms of section 995 of the Penal Code, on motion of a defendant in a criminal action, the information must be set aside when it appears that before its filing ''the defendant had not been legally committed by a magistrate''; and the ultimate point at issue on this appeal relates to the question of whether, within the facts as hereinbefore set forth, and within a correct construction of the provisions of the statute, defendant was ''legally committed''. The significance which would attach to the words ''legally committed'', as employed in the statute, has been indicated in each of several decisions by the appellate tribunals of this state. The appeal in the case of *People* v. *Beach*, 122 Cal. 37 [54 Pac. 369], was from an order setting aside an information on the ground that the defendants had not been legally committed, and it was contended that because the

evidence did not show that a public offense had been committed, the defendants in the action had not been "legally committed by a magistrate". In commenting upon the question thus presented, in part the Supreme Court said:

"It is contended that the defendants had not been legally committed because the evidence before the magistrate did not show that a public offense had been committed. If the magistrate had no power or jurisdiction to hold the examination, if no complaint had been made charging the defendants with a public offense, and perhaps if no evidence at all was taken by the magistrate, and there was no waiver by the defendants, it might be held that the defendants had not been legally committed. (*People* v. *Howard,* 111 Cal. 655 [44 Pac. 342].) The phrase 'legally committed' refers to the examination of the charge and holding the defendant to answer by the magistrate. (*Ex parte Baker,* 88 Cal. 84 [25 Pac. 966].) If a magistrate, upon a complaint duly made and charging a public offense, has heard the evidence and has committed the defendant, that ends the matter so far as concerns this motion.

"The question here is not, as upon *habeas corpus,* whether a person is illegally deprived of his liberty, but whether he can legally be tried upon a criminal charge. . . .

"The right to have a charge dismissed is regulated by statute, and, as we have seen, the phrase 'legally committed' means only that the accused has been committed by a magistrate who has jurisdiction to hold the examination, and who has actually heard the evidence and determined that probable cause exists for holding the defendant."

In *Ex parte Baker,* 88 Cal. 84 [25 Pac. 966, 967], which is cited in the case to which reference has just been had, it appears that on motion of the defendant in the action in the superior court, on the ground that the defendant had never been "legally committed", the trial court had granted the motion to set aside the information which had been filed against the defendant and ordered that the district attorney file another information. Following the filing of a second information, on the application of the defendant therefor, the Supreme Court directed the issuance of a writ of *habeas corpus.* The opinion of the Supreme Court on the return of the writ is directed toward what appears to have been a failure on the part of the district attorney to pursue the

correct procedure precedent to the filing of a second information against the defendant. It is ruled that, in the absence of a second preliminary examination of the defendant, the filing of the second information against him was "unwarranted and void". The only reference to the meaning of the words "legally committed" occurs in the course of the opinion, where it is said: "The phrase 'legally committed', as used in the foregoing section, refers to the examination of the case and the holding of the defendant to answer, . . . "

In the case of *People* v. *Howard*, 111 Cal. 655 [44 Pac. 342] (also cited in *People* v. *Beach, supra)*, the appeal was from the judgment and the order denying the motion for a new trial in a criminal action in which the defendant was charged with the crime of perjury. As indicated in the syllabus, the ruling was that:

"A complaint for perjury alleged to have been committed in a criminal proceeding in a recorder's court which fails affirmatively to state facts showing that the recorder's court had jurisdiction of the subject matter of the action in which the oath was taken, or that the offense charged in that action was committed within the jurisdiction of the recorder's court, is insufficient as a basis for an examination or commitment for the crime of perjury, and a motion to set aside an information for such crime, upon the ground that the defendant had not been legally committed by a magistrate, should be granted."

The case entitled *In re Williams*, 52 Cal. App. 566 [199 Pac. 347], was a ruling on a return to a writ of *habeas corpus.* Therein it was held that the magistrate had no authority to order the commitment of a defendant upon testimony given partly before another magistrate.

The case of *People* v. *Hinshaw*, 194 Cal. 1 [227 Pac. 156], included a question regarding the legality of the commitment of the defendant therein and was based upon the alleged insufficiency of the complaint upon which the defendant was preliminarily examined before the committing magistrate. The decision thereon by the Supreme Court is indicated by the syllabus as follows:

"When a charge has been examined by a magistrate and the evidence taken, and the examination warrants an order

holding the defendant to answer, the imperfections of the complaint are cured, and the commitment is legal.''

In each of the several cases respectively of *People* v. *Napthaly,* 105 Cal. 645 [39 Pac. 29], *People* v. *Salas,* 80 Cal. App. 318 [250 Pac. 526], and *People* v. *Miller,* 123 Cal. App. 499 [11 Pac. (2d) 884], it was held that where it appeared that on the preliminary examination of the defendant either that his right to aid of counsel had been denied him, or that he had not been officially informed of the existence of such right, an information filed in the superior court against such a defendant based upon such a preliminary examination was properly subject to attack upon the statutory ground that the defendant ''had not been legally committed by a magistrate''.

In *People* v. *Wilson,* 93 Cal. 377 [28 Pac. 1061], it was held that in order to sustain an information, an order of commitment by which the defendant was held to answer to the superior court must be in writing, signed by the magistrate; and that an oral order reduced to writing by the stenographic reporter, but not signed by the judge, was not a compliance with the statute and would not justify the overruling of a motion to set aside the information for want of a legal commitment by a magistrate.

From a consideration of the facts and the law as announced in the foregoing authorities, it becomes manifest that the bald declaration in the case of *People* v. *Beach,* 122 Cal. 37, 38 [54 Pac. 369], hereinbefore quoted to the effect that ''if a magistrate, . . . has heard the evidence and has committed the defendant, that ends the matter'', as far as concerns a motion to set aside an information on the ground that the defendant had not been legally committed by a magistrate, is entirely too broad. Indeed, by other statements contained in said opinion it is clearly indicated that the language to which attention has been directed is not to be understood as a declaration subject to no qualifications or exceptions, because it is there said that ''if the magistrate had no power or jurisdiction to hold the examination, if no complaint had been made charging the defendants with a public offense, and perhaps if no evidence at all was taken by the magistrate, and there was no waiver by the defendants, it might be held that the defendants had not been legally committed''. It is apparent that by no judicial statement,

however accurate and justly applicable to the case under consideration, may later cases, perhaps dependent upon altered facts or conditions, be conclusively defined, limited, or determined. In other words, no general rule announced in connection with the particular facts of a given case can furnish a safe and infallible guide for the administration of justice in any other case in which the facts, conditions, or circumstances may materially differ from those present in the case in which the rule has been declared. The statute itself furnishes the controlling legal principle; and primarily the rights of parties dependent upon the facts in each particular case should be determined with reference to the law as announced in the statute. Not that judicial construction of a statute is to be cast aside and set at naught, but that its usefulness should be measured by its applicability to the facts at hand.

With so much in mind as a foundational authority for the trial court to consider the motion presented by the defendant in the instant action, it may be opportune to devote attention to the several reasons urged by him in support thereof:

Perhaps the principal circumstance relied upon by the defendant is the conceded fact that none of the witnesses who testified at the preliminary examination was sworn by the magistrate personally. That duty was performed by the clerk of the court; and on this appeal by the People it is insistently urged by the respondent herein that such facts present a situation from which it necessarily follows that defendant was not "legally committed by a magistrate". It is his contention that no one but the magistrate was authorized to administer an oath to a witness; that although in form each witness was sworn by the clerk,—he not having the required authority in the premises, the result was the same as though no attempt had been made to swear the witness, and consequently that no evidence was received by the court upon which its commitment of the defendant might lawfully be based. In that connection, respondent cites the case of *People* v. *Cohen,* 118 Cal. 74 [50 Pac. 20], which was an appeal from a judgment and order denying a motion for a new trial in an action in which the defendant therein had been convicted of the crime of perjury. It appeared that in the action in which it was alleged that

the perjury had been committed, a judge of the superior court had sat as the committing magistrate, and that the oath to the defendant as a witness in the action was administered to him by a deputy county clerk, who *ex officio* was a clerk of the superior court. As far as is here pertinent, it was held that in such circumstances the clerk of the superior court was not authorized to administer an oath to the witness, and consequently that the defendant was not guilty of perjury.

In that case, it should be particularly noted that the ultimate question was not whether a clerk of a municipal court, or of a justice court, or of a police court, had authority to administer an oath to a witness in an action pending in such court; but that the question was confined to whether the clerk of the superior court, while acting in the assumed capacity of a clerk in either a justice or a police court, possessed such power. On the appeal the Supreme Court was not called upon to decide, nor did it intimate, that in an action pending in a justice, or in a police court, a clerk of such court was unauthorized to administer an oath to the witness. Nor does an examination of the opinion therein disclose that the several statutes which on a date when applicable to a decision of the question therein involved purportedly conferred such authority on a clerk either of a police court, a justice court, or a municipal court, were under consideration. It results, as far as the issue here is concerned, that the authority may be accepted as a precedent in establishing the one point only, to wit, that a clerk of the superior court in attempting to perform the duties of a clerk of a justice, a police, or a municipal court, has no authority to administer an oath to a witness in an action on trial in such court. But the issue here involved is different. The question is whether a clerk of the municipal court, acting as such, is possessed of such power. However, aside from any pertinent judicial decision, the general statute relating to the matter would seem conclusive. Section 2093 of the Code of Civil Procedure provides as follows: "Every court, every judge, or clerk of any court, every justice, and every notary public, and every officer or person authorized to take testimony in any action or proceeding, or to decide upon evidence, has power to administer oaths or affirmations." If more authority were necessary,

the several statutes which relate to justices' courts and police courts, and their appropriate consolidation into municipal courts, clearly confer upon the clerk of each of such courts the power to administer oaths. (See particularly sec. 101, Code Civ. Proc.; sec. 6 of Act 6027, Gen. Laws 1923; sec. 27 of Act 5238, Gen. Laws 1931. See, also, *People* v. *Vasalo,* 120 Cal. 168 [52 Pac. 305]; *People* v. *Burns,* 121 Cal. 529 [53 Pac. 1096].)

As another reason for adjudging that the commitment of defendant was illegal, respondent takes the position that neither the oral order of the magistrate nor his said indorsed order on the complaint was valid, and that the second or "special" order of commitment, having been made not only in the absence of defendant, but as well without any notice to him or to his counsel that any application either had been or would be made for such order, and without permitting defendant or his counsel to be heard in opposition to the granting of said order,—was likewise invalid.

In that connection, it may suffice to state that, after examination of the authorities suggested by respondent, this court is of the opinion that none of them is controlling of the issue. It may be conceded, especially in the circumstances here present, that the oral order of commitment was of no validity. (*People* v. *Wilson,* 93 Cal. 377 [28 Pac. 1061]; *People* v. *Upton,* 67 Cal. App. 445 [228 Pac. 50].) Also, assuming that the order indorsed on the complaint was complete and valid, that the magistrate had no authority to modify it by a second or "special" order. (*People* v. *Bomar,* 73 Cal. App. 372 [238 Pac. 758].) The alleged invalidity of the first order of commitment; being the one that was indorsed on the complaint, consisted in the fact that the blank spaces occurring in such order were not filled. As indorsed, the pertinent part of the order was as follows:

"It appearing to me that the offense in the within deposition mentioned, to-wit: ———— has been committed, and that there is sufficient cause to believe the within named ———— guilty thereof, I order that he be held to answer to the same, . . . "

At most, it is clear that the omissions in the order, if not typographical, were nothing more than irregularities which the magistrate was empowered to correct at any time. A

part of the syllabus in the case of *Ex parte Branigan,* 19 Cal. 133, is as follows: "Where an examination has been had by a magistrate and a commitment has been issued by him which is defective in form or substance, a second commitment, omitting or correcting the defects of the first, may be issued, provided there is any order, or judgment, or entry of the magistrate made at the conclusion of the examination to which he can refer for guidance, but he cannot resort merely to his own recollection for the facts of the case."

In the case of *People* v. *Wilson,* 93 Cal. 377 [28 Pac. 1061], it is said (syllabus): "The provision of section 872 of the Penal Code, requiring that where it appears upon a preliminary examination that a public offense has been committed, and there is sufficient cause to believe the defendant guilty thereof, an order to that effect, and that the defendant be held to answer the same, shall be indorsed upon the deposition, may be regarded as directory, in so far as it requires such indorsement; yet it is essential that the order be reduced to writing and signed by the magistrate, and entered either upon the official docket of the magistrate or upon the complaint or depositions." (See, also, *People* v. *Tarbox,* 115 Cal. 57 [46 Pac. 896].)

In each of the cases of *People* v. *Van Horn,* 119 Cal. 333 [51 Pac. 538], and *In re Mazuran,* 57 Cal. App. 411 [207 Pac. 509], the principle of law is clearly announced that any irregularity in conducting the preliminary examination of a defendant which does not affect his substantial rights in the premises furnishes no ground for setting aside an information thereafter filed in the superior court against the defendant. Likewise, in *People* v. *Flannelly,* 128 Cal. 83 [60 Pac. 670], and *People* v. *Witt,* 170 Cal. 104 [148 Pac. 928], alleged irregularities in the former case in not having the defendant present at the time when the date and place of his execution was judicially determined, and in the latter case, when the date of his execution was adjudged, were declared not to be violative of either the statutory or the constitutional rights of the defendant.

From a consideration of the situation here presented, it would seem apparent that the order of commitment indorsed on the complaint was not violative of the substantial rights of the defendant; that it was either sufficient in itself, or

was capable of judicial correction; or that, failing in either of those respects, as far as was applicable, that part of the second order which supplied the defects in the first order would suffice as a legal foundation upon which the filing of an information in the superior court would be authorized.

It is also contended that because of the terms of section 809 of the Penal Code, which in substance provides that within fifteen days after the date of commitment of a defendant it shall be the duty of the district attorney to file in the superior court an information against the defendant,—the information in the instant case was filed too late. In the first place, it is clear that, however great might be the delay of the district attorney in filing an information, his action in the premises could not affect the legality of the commitment, and hence could furnish no ground upon which to base a motion in that regard. But even considering the point as available to defendant, the basic facts do not support him. The record herein shows that the original information was filed within fourteen days after the date of the commitment. On principle, as determined by analogous cases, particularly in connection with the operation of statutes of limitation, the fact that an amended information was later filed by the district attorney was of no consequence. It becomes unnecessary to rule as to what would have been the result had the original information not been filed within the prescribed statutory period.

Respondent also attacks each of the informations filed by the district attorney on the ground that he had no power to include in either of them any greater or different offense than that for which defendant was committed by the magistrate. If the question were new in this jurisdiction, or had it not been passed upon by the Supreme Court of this state, undoubtedly there might be room for argument (see dissenting opinion in *People* v. *Sanders*, 102 Cal. App. 237 [283 Pac. 136]); but considering the provisions of section 809 of the Penal Code and the authority to which reference just has been had, together with the additional cases of *People* v. *Bird*, 212 Cal. 632 [300 Pac. 23], and *People* v. *Wyatt*, 121 Cal. App. 180 [8 Pac. (2d) 901], it is neither profitable nor advisable to devote further attention to the point advanced.

■ Finally, respondent presents additional argument for the purpose of establishing the conclusion that the evidence adduced at the preliminary examination of defendant was insufficient to justify the making of the order of commitment. In that connection, it need only be noted that by each of several decisions by the appellate courts of this state it has been held that, on a motion to test the validity of an order by the magistrate of the commitment of a defendant, the point that the evidence was insufficient for that purpose is not available to him. (*People* v. *Hinshaw*, 194 Cal. 1, 11 [227 Pac. 156]; *Ex parte Baker*, 88 ■l. 84 [25 Pac. 966]; *People* v. *Beach*, 122 Cal. 37 [54 Pac. 369]; *People* v. *Serrano*, 123 Cal. App. 339 [11 Pac. (2d) 81]; *People* v. *Howard*, 111 Cal. 655 [44 Pac. 342]; *In re Williams*, 52 Cal. App. 566 [199 Pac. 347].)

All other questions submitted by either of the parties litigant being necessarily dependent upon those herein considered, it is deemed unnecessary to devote further and separate consideration to them.

The order is reversed.

York, J., concurred.

CONREY, P. J., Concurring.—I concur in the judgment. But I cannot agree entirely with the foregoing opinion in its interpretation of the decision in *People* v. *Cohen*, 118 Cal. 74 [50 Pac. 20]. I think that the limitation placed by that decision, upon the right and power of a judge while sitting as a magistrate, to avail himself of the services of the clerk of the court in which he is a judge, is too narrow; and I venture so far as to doubt that it will be completely approved if brought before the Supreme Court for re-examination.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 27, 1933, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 10, 1933.