[No. 10,588.—Department One.]

## PEOPLE *v.* CHAUNCEY ST. CLAIR et al.

Indictment — Larceny — Burglary — Error.— An indictment charged the defendants with entering into a stable with intent to commit "larcey." *Held*, that the indictment failed to describe any offense.

Appeal from a judgment of conviction, and an order denying a new trial and refusing to arrest judgment, in the Superior Court of San Joaquin County. Buckley, J.

After the decision in Department, the respondent filed a petition that the appeal be reheard in Bank, and the application was denied.

*J. G. Swinnerton,* and *G. E. McStay,* for Appellant.

No offense was charged. "Larcey" is not a word in any language. This error is fatal. (*State* v. *Holden*, 2 McCord, 337; *State* v. *Carter*, Conf. Rep. 210; *Lemon* v. *State*, 6 Am. R. 293; *Shaw* v. *State*, 2 Tex. Ct. App. 487; *Hawes* v. *State*, id. 504.)

*A. L. Hart*, Attorney-General, for Respondent.

The omission of the letter "n" from the word "larceny" could not mislead, especially when read with the remainder of the indictment. No demurrer was interposed. In *State* v. *Davis*, 1 Ired. 125, it was held, that in an indictment the word "assalt" should read ."assault," the word "fifty-too" should read "fifty-two," and the word "make" was held to mean "mark," in an indictment for putting a false mark on sheep. See also 1 Wharton's Criminal Law, §§ 597, 598, showing in-

stances where "Havely" was held equivalent to "Haverly," and "autron" to "autumn."

By the COURT:

The indictment charges an entry into a stable with intent to commit "larcey." Burglary is the entering of a house, etc., "with intent to commit grand or petit larceny, or any felony." (Pen. Code, § 459.) There is no such felony as "larcey" known to our law. "Larcey" is certainly not "larceny," nor does the maxim, *idem sonans*, apply.

It is said that the Court must give judgment without regard to the technical errors or defects, or to exceptions which do not affect the substantial rights of the parties. (Pen. Code, § 1258.) But this is more than a departure from an established form; nor is it a case in which facts are averred in the indictment, which sufficiently indicate the sense in which the word purporting to *name the crime* is employed; but is a failure to describe any offense.

Judgment reversed, and cause remanded for a new trial.