[Crim. No. 1440.  First Appellate District, Division One.—April 13, 1928.]

THE PEOPLE, Respondent, v. PETER GEORGE EGAN, Appellant.

Ernest Spagnoli for Appellant.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

KNIGHT, J.—Appellant was charged by information with having committed an assault with intent to commit rape. At the conclusion of the evidence the court withdrew from the consideration of the jury the higher grade of crime charged and restricted the issue to "simple" assault by submitting to the jury but two forms of verdict, one reading: "Guilty of Misdemeanor, to-wit: simple assault"; and the other: "Not guilty." The jury agreed upon and returned the former, and appellant was sentenced to imprisonment in the county jail, and thereafter took this appeal from the judgment of conviction.

Briefly stated, the facts established at the trial by the prosecution were as follows: The appellant and the prosecutrix, a Mrs. Ethel Schmilk, occupied different living apartments in the same building. Appellant had entertained some friends at a party held in his apartment during the night, and the next morning about 9:30 o'clock, while still intoxicated, went to the apartment occupied by the prosecutrix, dressed only in his underclothes, knocked at the door, and when the prosecutrix, who was fully dressed, having just come in from shopping, opened the door appellant seized her and started to force her down the hallway toward his room. She screamed and during the struggle which followed she was either knocked or fell to the floor. Appellant tried to muffle her screams, but finally released her and she ran into the street. Some of the neighbors heard her screams and came to her assistance. They summoned two police officers, and upon the arrival of the latter appellant was found in his room partially disrobed, and in conversation with the officers he admitted having acted in the manner described by the prosecutrix and stated the purpose he had in mind in attempting to force her into his room. He was placed under arrest and later formally charged with an assault with intent to commit rape.

The first contention made is that the allegations of the information are insufficient to charge an assault and that there is no such crime as "simple" assault of which appellant was convicted. We find no merit in either point.

It may be easily gathered from the allegations of the information that appellant was charged with having wilfully and unlawfully attempted, coupled with a present ability, to commit a violent injury upon the person of another, and consequently the charge substantially conformed to the definition of an assault as given in section 240 of the Penal Code. ██ As to the second point, although the Penal Code does not employ the appellation ''simple'' assault in denouncing as a crime the acts mentioned in said section 240, still ever since the rendition of the decision in the early case of *People* v. *Apgar*, 35 Cal. 389, in the year 1868, the term ''simple assault'' has been repeatedly used synonymously with the term ''assault'' in the administration of the criminal laws, particularly by trial courts in charging juries and by · the reviewing courts on appeals in differentiating between assaults which amount only to misdemeanors and those committed with felonious intent; so that by common usage the term ''simple assault'' has long since been understood to mean the same thing as ''an assault.'' The case of *People* v. *St. Clair*, 56 Cal. 406, cited and relied upon by appellant, does not touch the point. There the defendant was charged with the burglarious entry into a building with intent to commit ''larcy'' instead of ''larceny''; and it was held in substance that since there was no such crime as ''larcy'' (nor in fact any such word), the charge against the accused was meaningless. Moreover, the record in the present case shows that after the jury had been deliberating a short time, it returned into court and requested an instruction defining simple assault; and in response, appellant consenting, the court read to the jury section 240 of the Penal Code defining ''an assault'' and amplified it with other instructions; consequently there could have been no misunderstanding on the part of the jury as to the nature of the charge.

██ On account of the absence of the prosecutrix from the trial, the prosecution was allowed, over appellant's objection, to read in evidence her deposition taken at the preliminary examination (subd. 3, sec. 686, Penal Code), at which time her testimony was taken down by question and answer, appellant being present and represented by counsel, who cross-examined said witness. The substance of the proof adduced as the foundation for the introduction in

evidence of said deposition was as follows: Rachel Katz, a close friend of the prosecutrix for twenty years, testified that during the month preceding the trial, which took place on October 26, 1927, Mrs. Schmilk stayed at her apartment, and upon departing went to New York; that later, and on September 23d, she received a letter from Mrs. Schmilk which she knew was in the latter's handwriting, purporting to come from and the same was postmarked "New York"; that she knew Mrs. Schmilk well enough to know that if the latter had returned to California she would have let her know. Further testimony was given by a police officer to the effect that about two weeks prior to the trial he had been given a subpoena to serve upon Mrs. Schmilk, but after a search had been unable to find her; that although he had not visited any hotels or rooming-houses in the city, he had searched for her at her former address and had made inquiries as to her whereabouts from her friends and former neighbors; that he had possession of the subpoena for about a week, and during the week preceding the trial had continued his search by going around the neighborhood where she formerly lived. From the foregoing evidence we are not prepared to hold that the trial court abused its discretion in permitting the deposition to be read in evidence (*People* v. *Lewandowski,* 143 Cal. 574 [77 Pac. 467]; *People* v. *Buckley,* 143 Cal. 375 [77 Pac. 169]; *People* v. *Caballero,* 41 Cal. App. 146 [182 Pac. 321]); ▮ and in any event, even though the deposition should have been excluded, the judgment should not be reversed upon that ground alone for the reason that, aside from the testimony of Mrs. Schmilk, the evidence is ample to prove an assault (*People* v. *Hayes,* 72 Cal. App. 292 [237 Pac. 390]).

▮ In view of the fact that the charge of an assault with intent to commit rape was eventually eliminated from the case, there was no error in the court's ruling excluding the testimony sought to be given by appellant as to his previous relations with Mrs. Schmilk.

▮ Nor do we find any merit in appellant's contentions regarding the instructions. While one of the police officers was testifying, appellant loudly shouted at him: "You're a dirty liar," and called him a vile name; and while one of the women witnesses for the prosecution was testifying, appellant likewise shouted at her that she was a "dirty

liar." At the conclusion of the evidence appellant requested the court to give the jury the following instruction: "You are not to be prejudiced against the defendant or his defense because of any outbursts made by him during the course of the trial." We think the instruction was properly refused, for if a defendant on trial, who does not claim to be insane, conducts himself at the trial in the presence of the jury in such a disorderly manner as to lessen the respect the jury would otherwise have for him, he must not expect and much less is he entitled to have the court in its instructions apologize for him.

There was nothing contained in the instruction given upon the subject of impeachment of witnesses indicating that it was directed toward any particular witness. It was given in the identical language of section 2051 of the Code of Civil Procedure, and was therefore proper. Nor was it error for the court to read to the jury section 1096 of the Penal Code, as amended in 1927 [Stats. 1927, p. 1039], for the reason that the section as amended merely codified the legal principles upon which juries have been instructed for years. The charge made in the information included the lesser offense of an assault, and therefore it was within the power of the trial court to confine the issue of appellant's guilt to the lesser offense. If in doing so a mistake was made, appellant was benefited by it and consequently he is not in a position to complain.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.