[Crim. No. 1736. First Appellate District, Division Two.—September 20, 1933.]

THE PEOPLE, Respondent, v. JAMES WILLIAMS, Appellant.

Nathan C. Coghlan for Appellant.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

SPENCE, J.—Defendant was duly convicted of the crime of robbery in the second degree. He appeals from the judg-

ment of conviction and the order denying his motion for a new trial.

On January 28, 1933, an establishment known as a "club" was robbed by a man wearing a black mask made out of a piece of sock. Defendant had frequently visited the place prior to the robbery. Shortly after the commission of the offense he was found in a near-by apartment. He was positively identified by three witnesses to the robbery and the prosecution also introduced evidence of circumstances pointing to his guilt. Defendant took the stand and attempted to prove an alibi. Among the first questions asked of him by his own counsel was one relating to his prior conviction of a felony, which he admitted.

The only questions raised on this appeal relate to the giving and refusing of certain instructions by the trial court.

Appellant first complains of the giving of what may be termed a stock instruction relating to the manner of impeaching a witness. The portion of the instruction complained of was given in the identical language of section 2051 of the Code of Civil Procedure. There was no error in giving this instruction. (*People* v. *Egan,* 91 Cal. App. 44, 49 [266 Pac. 581] ; *People* v. *Vanderburg,* 67 Cal. App. 217, 219 [227 Pac. 621].) While it is true as pointed out by appellant that there was no evidence of the general reputation of appellant for truth, honesty or integrity, said instruction was not directed at the testimony of any particular witness nor at any particular type of impeachment. It did not assume, as contended by appellant, that evidence of appellant's "bad reputation existed in the record".

Appellant also claims that the trial court erred in refusing to give the following proposed instruction: "The court instructs the jury that evidence which is adduced at the trial of a case of this character by questions asked for the purpose of impeaching any witness (or evidence of contradictory statements made by such witness for the purpose of impeachment), cannot be received by you or applied by you in this case as tending to establish the truth of the matter contained therein, but may alone be considered in so far as it has a tendency to affect the credibility of the witness sought to be impeached thereby. The prosecution in this case cannot prove that the defendant in this case is guilty by evidence which impeaches any witness." The record shows

that there was a marginal note opposite the portion of the instruction in parentheses which note read, "Out N. C. C.", the "N. C. C.," being the initials of counsel for appellant. In support of his contention that this instruction should have been given, appellant cites and relies upon *People* v. *Peck*, 43 Cal. App. 638 [185 Pac. 881], and *People* v. *Davenport*, 13 Cal. App. 632 [110 Pac. 318]. These authorities, however, involved testimony showing contradictory or inconsistent statements previously made by a witness. Such statements are admitted solely for the purpose of impeachment and they cannot be considered by the jury for any purpose other than for impeachment of the particular witness. The proposed instruction in its original form was obviously framed for the purpose of advising the jury that such statements could not be used "as tending to establish the truth of the matter contained therein". When counsel for appellant struck out the portion relating to such inconsistent statements the proposed instruction became practically meaningless and was an incorrect statement of the law. This is true, for if there is evidence in the record showing that a witness has been convicted of a felony or that his general reputation for truth, honesty and integrity is bad, such evidence can be considered by the jury "as tending to establish the truth" thereof. There was no error in refusing this instruction in its amended form and if appellant had desired an instruction relating to the limited purpose for which the jury might have considered his own evidence of his prior conviction of a felony, he should have proposed a properly framed instruction for that purpose. We have assumed in what has been said that the parentheses and notation "Out N. C. C." indicated that the portion of the proposed instruction inclosed in parentheses was withdrawn by appellant. If we are incorrect in this assumption, we still believe that there would have been no prejudicial error in refusing the instruction in its original form. Only one alleged contradictory statement appears in the record. The defense offered evidence tending to show that the complaining witness had previously stated that the amount of money stolen was greater than the amount to which he testified on the trial. The complaining witness denied that he had made such contradictory statement. It was not claimed by either the prosecution or the defense that appellant had stolen the greater amount of money and under

such circumstances we are satisfied that the jury did not treat such contradictory statement "as tending to establish the truth of the matter contained therein".

■ Appellant further complains of the refusal of the trial court to give the following instruction: "The court instructs the jury that when the prosecution depends for a conviction upon circumstantial evidence, it is the law that in the chain of facts relied upon each fact must be established to a moral certainty and beyond a reasonable doubt. A reasonable doubt as to any link in the chain of circumstantial evidence entitles the defendant to an acquittal." While such an instruction may be proper where the prosecution relies entirely upon circumstantial evidence, it is not error to refuse it where there is direct evidence showing that the defendant committed the offense. (*People* v. *Burns,* 121 Cal. 529, 531 [53 Pac. 1096] ; *People* v. *Baldwin,* 117 Cal. 244, 251 [49 Pac. 186].)

■ A further proposed instruction offered by appellant was not given, but was marked by the trial court as "Given Elsewhere". This instruction likewise could properly have application only to a case of circumstantial evidence where "there are two possible and reasonable conclusions that can be drawn from the facts". We doubt whether the refusal of said instruction would have been erroneous in the present case, but, in any event, we find that the substance of the proposed instruction was amply covered in the instructions given.

The judgment and order denying the motion for new trial are affirmed.

Nourse, P. J., and Sturtevant, J., concurred.