[No. 20795. Department One. — February 16, 1891.]

EX PARTE GEORGE W. BAKER, ON HABEAS CORPUS.

CRIMINAL LAW — INFORMATION — ILLEGAL COMMITMENT — HABEAS CORPUS.
— Where an information has been set aside on the ground that the defendant had not been legally committed by a magistrate, the filing of another information, by order of the court, without a second examination, is unwarranted and void, and the defendant is entitled to a discharge on *habeas corpus*.

ID. — CONSTRUCTION OF CODE — LEGALITY OF COMMITMENT — EXAMINATION. — The phrase "legally committed," as used in section 995 of the Penal Code, refers to the examination of the case and the holding of the defendant to answer, as prescribed by title 3, chapter 7, of the Penal Code.

APPLICATION to the Supreme Court for a discharge on a writ of *habeas corpus*. The facts are stated in the opinion of the court.

*Carroll Cook*, and *J. E. Foulds*, for Petitioner.

*William S. Barnes*, for Respondent.

GAROUTTE, J. — This is an application for the discharge of the prisoner under a writ of *habeas corpus*.

He is confined in the county jail of the city and county of San Francisco, awaiting trial under an information charging the offense of embezzlement.

One of the grounds relied upon by the petitioner for his discharge is, that the information upon which he is about to be tried is void, by reason of the fact that he has never been legally committed by a magistrate.

It appears that the court, upon motion of the defendant, set aside the first information filed against him, upon the ground that he had not been legally committed by a magistrate, and ordered that the district attorney file another information, and it is upon this second information that the defendant is about to be tried.

An information can only be set aside upon the grounds, — 1. That before filing thereof the defendant had

not been *legally committed* by a magistrate; 2. That it was not subscribed by the district attorney of the county. (Pen. Code, sec. 995.)

The phrase "legally committed," as used in the foregoing section, refers to the examination of the case and the holding of the defendant to answer, as prescribed by title 3, chapter 7, of the Penal Code.

Section 997 of the Penal Code, which prescribes the course to be pursued after an information has been set aside upon motion of the defendant, is vague and unsatisfactory; yet it appears therefrom that the court can only order a new information to be filed when the one in the first instance has been set aside by reason of the failure of the district attorney to subscribe his name thereto, and that when the information is set aside because the defendant has not been "legally committed," then he must be taken before a committing magistrate for another examination, if the district attorney desires to further prosecute the case.

After the magistrate has decided that a public offense has been committed, and that there is sufficient cause to believe the defendant guilty thereof, it is his duty to return to the superior court the warrant, depositions, indorsements thereon, undertaking, etc., and it is upon these depositions and indorsements that the information is based. And if the information is set aside upon the ground that the defendant has not been legally committed, it can readily be seen that it would be idle for the court to order another information to be filed, for the same fatal defects would necessarily be present at any future hearing.

The prisoner is entitled to his discharge, and it is so ordered.

PATERSON, J., and HARRISON, J., concurred.