[No. F034666. Fifth Dist. Sept. 10, 2001.]

THE PEOPLE, Plaintiff and Appellant, v.
CASIMERO CARLOS CASILLAS, Defendant and Respondent.

**COUNSEL**

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Stan Cross and Patrick J. Whalen, Deputy Attorneys General, for Plaintiff and Appellant.

Shama H. Mesiwala, under appointment by the Court of Appeal, for Defendant and Respondent.

**OPINION**

**GOMES, J.**\*—The criminal law often punishes more harshly an accused who already has a criminal conviction than an accused who has none. The three strikes law is one example. (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (b)-(e).) Petty theft with a prior is another. (Pen. Code, § 666.) Vehicle Code sections 23152 and 23550 constitute yet another.[1] Normally punishable as a misdemeanor, an offense of driving under the influence (DUI) is punishable as a felony if an accused has three "separate violations

---

\*Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1] All further statutory references are to the Vehicle Code unless otherwise indicated.

. . . which resulted in convictions" of DUI. (§§ 23152, 23536, 23540, 23546, 23550.[2])

At the time of the preliminary hearing of Casimero Carlos Casillas (defendant) on his fourth DUI, he had a pending DUI complaint and two "separate violations . . . which resulted in convictions" of DUI. The magistrate held him to answer, but the superior court found "no evidence" of three "separate violations . . . which resulted in convictions" of DUI and set aside the ensuing information. (Pen. Code, § 995.[3]) A timely People's appeal followed. (Pen. Code, § 1238, subd. (a)(1).)

 The issue on appeal is whether pleading and proof at the preliminary hearing of three "separate violations . . . which resulted in convictions" of DUI is necessary to prosecute and punish a fourth DUI as a felony. Defendant argues it is necessary. The Attorney General argues it is not. In the alternative, the Attorney General argues pleading and proof at the preliminary hearing of a pending DUI complaint and two "separate violations . . . which resulted in convictions" of DUI is adequate if three "separate violations . . . which resulted in convictions" of DUI will exist by the time of conviction of a fourth DUI.

Our analysis of California's historical framework for charging a felony by information persuades us that pleading and proof at the preliminary hearing of three "separate violations . . . which resulted in convictions" of DUI is a constitutional and statutory condition precedent to prosecution and punishment of a fourth DUI as a felony. We affirm the superior court order setting aside the information.

## DISCUSSION

(1) *Legislative history of section 23550*

 The "fundamental task of statutory construction is to 'ascertain the intent of the lawmakers so as to effectuate the purpose of the law.' " (*People v. Cruz* (1996) 13 Cal.4th 764, 774-775 [55 Cal.Rptr.2d 117, 919 P.2d 731].)

---

[2]Section 23550, subdivision (a) provides in relevant part: "If any person is convicted of a violation of Section 23152 and the offense occurred within seven years of three . . . separate violations of . . . Section 23152 . . . which resulted in convictions, that person shall be punished by imprisonment in the state prison, or in a county jail . . . ."

[3]Penal Code section 995 provides in subdivision (a)(2)(B) that the "information shall be set aside by the court in which the defendant is arraigned, upon his or her motion," if "the defendant had been committed without reasonable or probable cause." The parties litigated the Penal Code section 995 motion by reference to section 23550's predecessor, former section 23175. We refer to the statute by the section number in effect at the relevant time.

If the language is clear, the plain meaning of the words is determinative, and there is ordinarily no need to look beyond the statute itself. (*People v. Benson* (1998) 18 Cal.4th 24, 30 [74 Cal.Rptr.2d 294, 954 P.2d 557].) If the language is ambiguous, the courts may "resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history." (*People v. Coronado* (1995) 12 Cal.4th 145, 151 [48 Cal.Rptr.2d 77, 906 P.2d 1232].)

 Section 23550 authorizes felony punishment of a fourth DUI that occurs within seven years of commission of three "separate violations . . . which resulted in convictions" of DUI, but the statute does not specify when pleading and proof of those conditions precedent to felony punishment shall occur. (§ 23550, subd. (a).) The Attorney General argues the opening words of the statute—"If any person is convicted of a violation of Section 23152"—show that pleading and proof of the three "separate violations . . . which resulted in convictions" of DUI is not necessary at the preliminary hearing since "the time at which to inquire about any other convictions is the point at which the defendant is convicted, and not earlier."

A legislative intent to impose harsher penalties for successive DUI's is readily inferable from section 23550's legislative history. The statute, originally enacted as section 23175, authorized a harsher misdemeanor penalty for a fourth DUI within five years of three "prior offenses which resulted in convictions" of DUI. (Stats. 1983, ch. 637, § 3, p. 2546.) By subsequent amendment, the statute applied to three "separate violations . . . which resulted in convictions" of DUI without regard to whether they were priors (Stats. 1984, ch. 1205, § 3, p. 4130; Stats. 1984, ch. 1417, § 2.5, p. 4984, operative July 1, 1985), then changed from five years to seven years the time between the new offense and the three "separate violations . . . which resulted in convictions" of DUI (Stats. 1986, ch. 1117, § 6, p. 3934), then authorized felony punishment by evolving from a misdemeanor to a wobbler (Stats. 1988, ch. 599, § 1, p. 2160; Stats. 1988, ch. 1553, § 2, p. 5580[4]), and then was repealed and reenacted as section 23550 with no significant change in text (Stats. 1998, ch. 118, §§ 41, 84). Nowhere in the legislative history, however, do we find an intent to authorize a prosecution leading to harsher recidivist penalties before three "separate violations . . . which resulted in convictions" of DUI exist.

(2) *The section 23550 enhancement and an analogous enhancement*

The cornerstone of the prosecutor's opposition to defendant's Penal Code section 995 motion in the superior court was *People v. Snook* (1997) 16

---

[4]The later chaptered statute prevailed over the earlier chaptered statute, but the two amendments were substantively similar. (Stats. 1988, ch. 599, § 1, p. 2160; Stats. 1988, ch. 1553, § 2, p. 2160; see Gov. Code, § 9605.)

Cal.4th 1210 [69 Cal.Rptr.2d 615, 947 P.2d 808]. That case analyzed the legislative intent of section 23217, a statute the Legislature enacted while changing the trigger for harsher punishment of a DUI from three "prior offenses which resulted in convictions" of DUI to three "separate violations . . . which resulted in convictions" of DUI without regard to whether they were priors.[5] (*People v. Snook, supra,* at p. 1218; see Stats. 1984, ch. 1205, § 14, p. 4136.) *Snook* found a legislative intent to permit felony punishment "regardless of the order in which the offenses were committed and the convictions obtained." (*People v. Snook, supra,* at p. 1213.) On appeal, however, the Attorney General concedes neither *Snook* nor any other published case addresses the issue whether pleading and proof at the preliminary hearing of three "separate violations . . . which resulted in convictions" of DUI is necessary to prosecute and punish a fourth DUI as a felony.

Both parties cite *People v. Superior Court (Mendella)* (1983) 33 Cal.3d 754 [191 Cal.Rptr. 1, 661 P.2d 1081] (*Mendella*), in which the Supreme Court announced, in the Attorney General's words, a "broad rule" making enhancement allegations subject to a Penal Code section 995 motion. (*Mendella, supra,* at pp. 758-763, superseded by statute on another point as stated in *In re Jovan B.* (1993) 6 Cal.4th 801, 814, fn. 8 [25 Cal.Rptr.2d 428, 863 P.2d 673].) The three "separate violations . . . which resulted in convictions" of DUI are enhancement allegations, not elements of the crime. (*People v. Coronado, supra,* 12 Cal.4th at p. 152, fn. 5; *People v. Bowen* (1992) 11 Cal.App.4th 102, 105-106 [14 Cal.Rptr.2d 40]; *People v. Weathington* (1991) 231 Cal.App.3d 69, 87-90 [282 Cal.Rptr. 170].)

The prosecutor in *Mendella* filed a complaint that charged assault with a deadly weapon or by force likely to produce great bodily injury (GBI) but that alleged no GBI enhancement. (*Mendella, supra,* 33 Cal.3d at p. 757; Pen. Code, §§ 245, subd. (a)(1), 12022.7, subd. (a).) Skeptical of the accused's denial of intent to cause injury, the magistrate held him to answer. (*Mendella, supra,* at p. 757.)

---

[5] Section 23217 (added by Stats. 1984, ch. 1205, § 14, p. 4136, and amended by Stats. 1986, ch. 1117, § 13, p. 3937) provides in pertinent part: "The Legislature finds and declares that some repeat offenders of the prohibition against driving under the influence of alcohol or drugs, when they are addicted or when they have too much alcohol in their systems, may be escaping the intent of the Legislature to punish the offender with progressively greater severity if the offense is repeated one or more times within a seven-year period. This situation may occur when a conviction for a subsequent offense occurs before a conviction is obtained on an earlier offense. [¶] The Legislature further finds and declares that the timing of court proceedings should not permit a person to avoid aggravated mandatory minimum penalties for multiple separate offenses occurring within a seven-year period. It is the intent of the Legislature to provide that a person be subject to enhanced mandatory minimum penalties for multiple offenses within a period of seven years, regardless of whether the convictions are obtained in the same sequence as the offenses had been committed."

Once the ensuing information in *Mendella* added a GBI allegation to the original assault charge, the accused filed (1) a Penal Code section 995 motion on the ground the prosecutor adduced insufficient evidence of GBI at the preliminary hearing, and (2) a Penal Code section 739 motion on the ground an information can charge an offense, but cannot allege an enhancement, that was not in the complaint at the time of the preliminary hearing.[6] (*Mendella, supra,* 33 Cal.3d at p. 757; Pen. Code, § 12022.7, subd. (a).) The superior court granted the Penal Code section 739 motion, ruling that a Penal Code section 995 motion can challenge an offense but not an enhancement. (*Mendella, supra,* at pp. 758, 763.)

The Supreme Court in *Mendella* examined the transition from the indeterminate sentencing law (ISL) to the determinate sentencing law (DSL) and found nothing in the "history or form" of the DSL that intimated a legislative intent "to deprive the defendant of the opportunity" the ISL traditionally recognized "for pretrial challenges of enhancement allegations." (*Mendella, supra,* 33 Cal.3d at p. 763.) The court noted, too, that Penal Code section 995 draws no distinction between an offense and an enhancement and held that to allow the prosecutor "to indiscriminately charge enhancements without subjecting such allegations to judicial scrutiny under a [Penal Code] section 995 motion is to undermine" procedural guaranties that "implement the defendant's due process right to a pretrial determination of probable cause." (*Mendella, supra,* at pp. 758-759; see *Ervin v. Superior Court* (1981) 119 Cal.App.3d 78, 89 [173 Cal.Rptr. 208].) The court vacated the order setting aside the enhancement under Penal Code section 739 since the record contained sufficient evidence of GBI to withstand a Penal Code section 995 motion. (*Mendella, supra,* at pp. 757-758, 765.)

(3) *History of the requirement of pleading and proof at the preliminary hearing*

*Mendella* fits squarely within the constitutional and statutory framework for charging a felony by information. Among the components of that framework are Penal Code sections 871 and 872. Penal Code section 871 provides:

---

[6]Penal Code section 739 provides in pertinent part: "When a defendant has been examined and committed, . . . it shall be the duty of the district attorney . . . to file . . . an information against the defendant which may charge the defendant with either the offense or offenses named in the order of commitment or any offense or offenses shown by the evidence taken before the magistrate to have been committed." To avoid conflict "with the constitutional mandate which 'protects a person from prosecution in the absence of a prior determination by either a magistrate or a grand jury that such action is justified[,]' [citations] . . . the rule has developed that an information which charges the commission of an offense not named in the commitment order will not be upheld unless (1) the evidence before the magistrate shows that such offense was committed [citations], and (2) that the offense 'arose out of the transaction which was the basis for the commitment' on a related offense." (*Jones v. Superior Court* (1971) 4 Cal.3d 660, 664-665 [94 Cal.Rptr. 289, 483 P.2d 1241].)

"If, after hearing the proofs, it appears either that no public offense has been committed or that there is not sufficient cause to believe the defendant guilty of a public offense, the magistrate *shall* order the complaint dismissed and the defendant to be discharged." (Italics added.) Penal Code section 872, subdivision (a) provides in relevant part: "If, however, it appears from the examination that a public offense has been committed, and there is sufficient cause to believe that the defendant is guilty, the magistrate *shall* make or indorse on the complaint an order . . . 'that he or she be held to answer to the same.' " (Italics added.)

Both statutes use the word "shall," which generally refers to a mandatory duty. (*Common Cause v. Board of Supervisors* (1989) 49 Cal.3d 432, 443 [261 Cal.Rptr. 574, 777 P.2d 610].) ■ The accused is entitled to the benefit of every reasonable doubt in questions of statutory construction. (*Keeler v. Superior Court* (1970) 2 Cal.3d 619, 631 [87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420], superseded by statute on another ground as stated in *Wilson v. Kaiser Foundation Hospitals* (1983) 141 Cal.App.3d 891, 897, fn. 6 [190 Cal.Rptr. 649]; *In re Tartar* (1959) 52 Cal.2d 250, 257 [339 P.2d 553].) ■ Applying those established rules of statutory construction, we consider mandatory the magistrate's Penal Code sections 871 and 872 duties. (See 4 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Pretrial Proceedings, §§ 147, 148, 151, pp. 350, 351, 354.)

To discharge those duties, the magistrate must hold the accused to answer if the evidence at the preliminary hearing shows three "separate violations . . . which resulted in convictions" of DUI but must dismiss the complaint if the evidence fails to show three "separate violations . . . which resulted in convictions" of DUI. (See Pen. Code, §§ 871, 872; Veh. Code, § 23550.) The standard of proof is "sufficient cause," which "is generally equivalent to that 'reasonable or probable cause' required to justify an arrest" but which "need not be sufficient to support a conviction." (*Williams v. Superior Court* (1969) 71 Cal.2d 1144, 1147 [81 Cal.Rptr. 761, 460 P.2d 961].)

The original 1879 California Constitution mandated that felonies "shall be prosecuted by information, after examination and commitment by a Magistrate, or by indictment, with or without such examination and commitment, as may be prescribed by law." (Cal. Const. of 1879, art. I, § 8.) That mandate embodies the pleading and proof requirement that Penal Code sections 871 and 872 introduced a century and a half ago and that article I, section 14 of the California Constitution continues to the present: "Felonies shall be prosecuted as provided by law, either by indictment or, after examination and commitment by a magistrate, by information." (Stats. 1851, ch. 29, §§ 163-164, p. 230; Cal. Const., art. I, § 14 (pertinent part), added by

initiative, Gen. Elec. (Nov. 5, 1974), commonly known as Prop. 7; see Assem. Const. Amend. No. 60, Stats. 1974 (1973-1974 Reg. Sess.) Res. ch. 90, pp. 3736-3740.)

An early case emphasized that compliance with the constitutional and statutory requirements of pleading and proof is the sine qua non of superior court jurisdiction to try an accused on a felony information: "Before any accused person can be called upon to defend himself on any charge prosecuted by information, he is entitled to a preliminary examination upon said charge, and the judgment of the magistrate before whom such examination is held as to whether the crime for which it is sought to prosecute him has been committed, and whether there is sufficient cause to believe him guilty thereof. These proceedings are essential to confer jurisdiction upon the court before whom he is placed on trial. To say that he was accorded a fair trial upon an information filed against him without a substantial compliance with these jurisdictional requirements, and, therefore, that there had been no miscarriage of justice, hardly meets the situation. Such an argument would apply with equal force to the validity of the conviction upon an information filed by the district attorney in a case where no preliminary examination at all had been held. Such practice would result, in legal effect, in wiping out all provisions of the constitution and the Penal Code providing for preliminary examination, and in clothing the district attorney with unlimited authority to file information against whomsoever in his judgment he might consider guilty of crime." (*People v. Bomar* (1925) 73 Cal.App. 372, 378 [238 P. 758].)

The constitutional mandate " 'protects a person from prosecution in the absence of a prior determination by either a magistrate or a grand jury that such action is justified.' " (*Jones v. Superior Court, supra,* 4 Cal.3d at p. 664.) A statute in force for almost a century complements the constitutional mandate by specifically prohibiting amendment of the "information so as to charge an offense not shown by the evidence taken at the preliminary examination." (Pen. Code, § 1009 (Pen. Code, former § 1008); Stats. 1911, ch. 257, § 1, p. 436; Stats. 1927, ch. 608, § 1, p. 1040; Stats. 1941, ch. 497, § 2, p. 1809; Stats. 1951, ch. 1674, §§ 76-77, p. 3842; see *People v. Superior Court (Alvarado)* (1989) 207 Cal.App.3d 464, 472 [255 Cal.Rptr. 46].)

The "clear purpose" of the protections inherent in the constitutional and statutory framework for charging a felony by information is "to give the accused a preliminary hearing either before a grand jury or before a committing magistrate, and to deny to the district attorney the right to force an accused to trial before a jury upon an information which is not within the scope of the evidence taken." (*People v. Fyfe* (1929) 102 Cal.App. 549, 553

[283 P. 378]; see Cal. Const., former art. I, § 8; Pen. Code, former § 1008.) Those protections, which are "mandatory" and "in whole harmony" with one another, require "examination and commitment by a magistrate as a prerequisite to the filing of an information by the district attorney." (*People v. Fyfe, supra,* at p. 555.)

In light of those protections, we turn to the statute at issue, section 23550, which authorizes felony punishment of an offender with three "separate violations . . . which *resulted* in convictions" of DUI. (§ 23550, subd. (a), italics added.) The statute does *not* authorize felony punishment of an offender with three separate violations which *will result* in convictions of DUI. By arguing the three "separate violations . . . which resulted in convictions" of DUI "need only be proven at the time of conviction on the charged offense," the Attorney General equates "sufficient cause" of a pending DUI complaint with "sufficient cause" of a DUI that *resulted* in conviction. That is entirely too reminiscent of the Queen's retort to the King in Alice's Adventures in Wonderland:

" 'Let the jury consider their verdict,' the King said, for about the twentieth time that day.

" 'No, no!' said the Queen. 'Sentence first—verdict afterwards.' " (Carroll, Alice's Adventures in Wonderland (1865) ch. XII, Alice's Evidence.)

(4) *Legislative enactment of a felony convictions exception to the requirement of pleading and proof at the preliminary hearing*

At the end of the Roaring Twenties, the Legislature enacted a statutory exception to the requirement of pleading and proof at the preliminary hearing so as to allow amendment of a pending information that fails to charge all of an accused's *felony* convictions. (Pen. Code, § 969a;[7] Stats. 1927, ch. 631, § 1, p. 1064.[8]) The Legislature has not enacted an analogous statute for misdemeanor convictions.

---

[7]With amendments not relevant here, Penal Code section 969a now provides: "Whenever it shall be discovered that a pending . . . information does not charge all prior *felonies* of which the defendant has been convicted either in this State or elsewhere, said . . . information may be forthwith amended to charge such prior conviction or convictions, and if such amendment is made it shall be made upon order of the court . . . . Defendant shall promptly be rearraigned on such information . . . as amended and be required to plead thereto." (Stats. 1931, ch. 485, § 1, p. 1060; Stats. 1957, ch. 1617, § 1, p. 2963, italics added.)

[8]In the middle of the Great Depression, the Legislature enacted a statute allowing amendment of a complaint that fails to charge every felony conviction. (Pen. Code, § 969½; Stats. 1935, ch. 203, § 1, pp. 862-863.) The Legislature later moved that authorization from Penal Code section 969½ to Penal Code section 969.5, subdivision (a). (Stats. 1998, ch. 235, § 1.) The statute now provides: "Whenever it shall be discovered that a pending complaint to which

Despite the absence of an analogous statute, the Attorney General argues public policy considerations require that the magistrate have the authority to hold an accused to answer even if the three "separate violations . . . which resulted in convictions" of DUI do not yet exist. The Attorney General argues the absence of that authority would lead to the absurdity of "reward-[ing] a defendant who was able to accumulate DUI violations faster than our courts were able to process the cases."

As if to intimate we might carve out a misdemeanor convictions exception to the requirement of pleading and proof at the preliminary hearing, the Attorney General argues footnote 9 in *Mendella* "carved out an exception for prior felony convictions" from the "broad rule" that enhancement allegations are subject to a Penal Code section 995 motion (*Mendella, supra*, 33 Cal.3d at pp. 758-763): "The People are particularly concerned that they will be required to charge and prove prior convictions at the preliminary hearing stage. A specific statutory provision, however, permits amendment of the information and rearraignment of the defendant 'Whenever it shall be discovered that a pending indictment or information does not charge all prior **felonies** of which the defendant has been convicted . . . .' (Pen. Code, § 969a . . . .) Nothing in this opinion is intended to question this statutorily authorized procedure." (*Mendella, supra*, 33 Cal.3d at p. 764, fn. 9, italics omitted, boldface added.)

Quite to the contrary, footnote 9 in *Mendella* simply took note of the role Penal Code section 969a has played since 1927 in the constitutional and statutory framework for charging a felony by information. The Supreme Court carved out no exception there.

The Attorney General argues *People v. Shaw* (1986) 182 Cal.App.3d 682 [227 Cal.Rptr. 378] differentiated between enhancements like GBI that are transactionally related to the charged offense and enhancements like convictions that are not. In reliance on Penal Code section 969a and on footnote 9 in *Mendella*, *Shaw* held "*Mendella* does not mandate proof of a prior felony conviction at the preliminary hearing as a precondition to its later charge and proof at trial." (*People v. Shaw, supra*, at pp. 685-686; *Mendella, supra*, 33 Cal.3d at p. 764, fn. 9.) *Shaw*'s reliance on Penal Code section 969a, which applies only to felony convictions, makes the case inapposite to the question on appeal.

The Attorney General argues *Miranda v. Superior Court* (1995) 38 Cal.App.4th 902 [45 Cal.Rptr.2d 498] shows "not all prior conviction allegations must be pled and proven at the preliminary hearing." The issue in

a plea of guilty has been made under Section 859a does not charge all prior *felonies* of which the defendant has been convicted either in this state or elsewhere, the complaint may be forthwith amended to charge the prior conviction or convictions and the amendments may and shall be made upon order of the court." (Italics added.)

*Miranda* was whether the prosecutor must plead and prove strike priors (which, of course, are felony convictions) at the preliminary hearing. (*Id.* at pp. 904-905.) The opinion held in the negative, finding no persuasive reason why Penal Code section 969a should not apply to a three strikes case. (*Miranda v. Superior Court, supra,* at p. 909.) *Miranda*'s reliance on Penal Code section 969a, like *Shaw*'s, makes the case inapposite to the question on appeal.

(5) *Absence of a misdemeanor convictions exception to the requirement of pleading and proof at the preliminary hearing*

The Attorney General admits Penal Code section 969a creates an exception only for felony convictions but nonetheless argues "strict adherence" to that statute "would yield absurd results," and section 23550 "should not turn on such fortuitous circumstances as the classification of pending cases as felonies or misdemeanors." Nowhere in section 23550 do we find a legislative intent even vaguely validating that argument. ■ "[I]t should not be presumed that the legislative body intends to overthrow long-established principles of law unless such intention is made clearly to appear either by express declaration or by necessary implication." (*People v. Davenport* (1985) 41 Cal.3d 247, 266 [221 Cal.Rptr. 794, 710 P.2d 861], superseded by statute on another ground as stated in *People v. Crittenden* (1994) 9 Cal.4th 83, 140 and fn. 14 [36 Cal.Rptr.2d 474, 885 P.2d 887].)

■ The statutory language that creates another enhancement is corroborative. As section 23550 authorizes felony punishment for a person who is "convicted" of a new violation of section 23152 and who has three "separate violations . . . which resulted in convictions" of DUI, so Penal Code section 12022.7 authorizes an additional three-year sentence for a person who is "convicted" of a new felony and who inflicts GBI.[9] The Attorney General argues the opening words of section 23550—"If any person is convicted of a violation of Section 23152"—show "the time at which to inquire about any other convictions is the point at which the defendant is convicted, and not earlier," but the analogous argument that the time at which to inquire about GBI is "the point at which the defendant is convicted, and not earlier," would lead to absurdities like separate pleading and proof of that enhancement and a separate trial on that enhancement. (Cf. *Mendella, supra,* 33 Cal.3d at pp. 758-763.)

---

[9] Penal Code section 12022.7 provides in pertinent part: "(a) A person who personally *inflicts great bodily injury on any person* other than an accomplice in the commission or attempted commission of a felony shall, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been *convicted,* be punished by an additional term of three years, unless infliction of great bodily injury is an element of the offense of which he or she is convicted." (Italics added.)

■ We respect the legislative intent that if similar statutes have similar language the meaning of that language is the same. (*People v. Wells* (1996) 12 Cal.4th 979, 985 [50 Cal.Rptr.2d 699, 911 P.2d 1374].) "We must select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences." (*People v. Jenkins* (1995) 10 Cal.4th 234, 246 [40 Cal.Rptr.2d 903, 893 P.2d 1224].)

■ That the Legislature has not enacted an analogous statute for misdemeanor convictions in the three-fourths of a century since the enactment of Penal Code section 969a could stem from the intrinsic conceptual intricacy of that task. The Attorney General argues that "the time at which to inquire about any other convictions is the point at which the defendant is convicted, and not earlier," but "[d]ue process of law requires that an accused be advised of the charges against him in order that he may have a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence offered at his trial." (*In re Hess* (1955) 45 Cal.2d 171, 175 [288 P.2d 5]; see *In re Oliver* (1948) 333 U.S. 257, 273 [68 S.Ct. 499, 507-508, 92 L.Ed. 682]; 4 Witkin & Epstein, Cal. Criminal Law, *supra*, Pretrial Proceedings, § 177, p. 382.) To comport with due process, the Attorney General's argument implies that after a finding of guilt of a fourth DUI, a separate trial is necessary on the three "separate violations . . . which resulted in convictions" of DUI.

Yet do the opening words of section 23550—"If any person is convicted of a violation of Section 23152"—manifest a legislative intent to create a hybrid offense for which an accused could be guilty of a fourth DUI at a misdemeanor trial but be lawfully subject to a felony sentence if a trier of fact at a separate trial were later to find true three "separate violations . . . which resulted in convictions" of DUI? A sea change like that in the criminal law could hardly make its way through the Legislature without copious comment from legislative committees, the Legislative Counsel, the Legislative Analyst, and criminal justice professionals. The Attorney General cites none.

Or do the opening words of the statute manifest a legislative intent to take an accused to trial on a felony charge without pleading and proof of the three "separate violations . . . which resulted in convictions" of DUI without which, of course, there simply is no felony? The Attorney General so intimates by stating "[t]he issue on appeal is whether driving under the influence . . . can be charged as a felony when the third violation is still pending at the time the fourth is committed." Yet on the concomitant due process issue—whether the criminal justice system can subject a person to

the rigors of a felony trial before affording any opportunity to inquire whether the conditions precedent to felony prosecution and punishment even exist—the Attorney General is silent. We do not infer from the opening words of the statute any legislative intent to so transform the criminal justice system.

In passing, *Miranda* intimated that statutes like former section 23175 and petty theft with a prior require pleading and proof at the preliminary hearing of misdemeanor convictions. (*Miranda v. Superior Court, supra*, 38 Cal.App.4th at pp. 907-908; Pen. Code, § 666.) In another case, the Court of Appeal noted, with the parties in agreement, that "as a matter of procedural necessity the People must adduce evidence at the preliminary hearing of prior convictions that serve to elevate a charged offense from a misdemeanor to a felony." (*Thompson v. Superior Court* (2001) 91 Cal.App.4th 144, 149-150 [110 Cal.Rptr.2d 89].) "Although prior convictions alleged pursuant to such statutes are neither elements of the charged offenses [citations], nor directly or transactionally related to the charged offense, proof of the prior conviction is required so that the parties and the court may know whether to treat the charged offense as a misdemeanor or a felony." (*Id.* at p. 150.) We agree, but we are aware of no case that squarely so holds. Nor do the parties cite us to one.

Section 23550 does not, of course, expressly require pleading and proof at the preliminary hearing of three "separate violations . . . which resulted in convictions" of DUI. Nonetheless, "a pleading and proof requirement *should* be implied as a matter of statutory interpretation and *must* be implied as a matter of due process." (*People v. Hernandez* (1988) 46 Cal.3d 194, 197 [249 Cal.Rptr. 850, 757 P.2d 1013], italics added, superseded by statute on another point as noted in *People v. Rayford* (1994) 9 Cal.4th 1, 8-9 [36 Cal.Rptr.2d 317, 884 P.2d 1369], and disapproved on another ground in *People v. King* (1993) 5 Cal.4th 59, 78, fn. 5 [19 Cal.Rptr.2d 233, 851 P.2d 27]; accord, *People v. Jackson* (1985) 37 Cal.3d 826, 835, fn. 12 [210 Cal.Rptr. 623, 694 P.2d 736], overruled on another ground in *People v. Guerrero* (1988) 44 Cal.3d 343, 347-349 [243 Cal.Rptr. 688, 748 P.2d 1150], as stated in *People v. Burton* (1989) 48 Cal.3d 843, 863 [258 Cal.Rptr. 184, 771 P.2d 1270]; 3 Witkin & Epstein, Cal. Criminal Law, *supra*, Punishment, § 282, pp. 372-373; see generally *Jones v. Superior Court, supra*, 4 Cal.3d at p. 664; Cal. Const., art. I, § 14 (former § 8).)

We are sympathetic with the Attorney General's concern that "a defendant should not benefit by committing DUI violations faster than his convictions can be processed by the courts." The Legislature has responded to that concern by enacting section 23550 to permit felony punishment of a fourth

DUI "regardless of the order in which the offenses were committed and the convictions obtained." (*People v. Snook, supra,* 16 Cal.4th at p. 1213.) If an accused with fewer than three "separate violations . . . which resulted in convictions" of DUI attains that number after the filing of a misdemeanor DUI complaint, amendment of the complaint to charge a felony is permissible. (See *People v. Snook, supra,* at pp. 1213-1214; 2 Witkin & Epstein, Cal. Criminal Law, *supra,* Crimes Against Public Peace and Welfare, § 225, pp. 770-771.) If the Legislature were to choose to address the Attorney General's concern in other ways, that is the branch of government with the authority to initiate the necessary enactments, constitutional or statutory or both. We simply hold the Legislature has not yet done so.

DISPOSITION

The order is affirmed.

Ardaiz, P. J., and Vartabedian, J., concurred.