122 Cal.Rptr.2d 419 (2002)
100 Cal.App.4th 340
The PEOPLE, Petitioner,
v.
The SUPERIOR COURT of Ventura County, Respondent;
Michael Joseph SCHULTZ, Real Party in Interest.
No. B156693.
Court of Appeal, Second District.
July 15, 2002.
Rehearing Denied August 13, 2002.
Review Denied October 16, 2002.[*]
*420 Michael D. Bradbury, District Attorney, Michael K. Frawley, Chief Deputy District Attorney, Michael D. Schwartz, Senior Deputy District Attorney, for Petitioner.
No appearance for Respondent.
Kenneth I. Clayman, Public Defender, Steven Lipson and Brian A. Vogel, Senior Deputies, Michael C. McMahon, Chief Deputy Public Defender, for Real Party in Interest.

OPINION AND ORDER FOR PEREMPTORY WRIT OF MANDATE
COFFEE, J.
Under California law, felonies may be prosecuted by means of indictment or information. (Pen.Code, §§ 682, 737.)[1] Ordinarily, an information cannot be filed in superior court unless a magistrate has first issued a commitment order after a preliminary hearing. (§ 738.) Section 997 establishes an exception to this rule. It provides that when a trial court grants a motion to set aside an indictment or information under section 995, it may, as an alternative to discharging the defendant, direct that an information be filed by the district attorney, conditioned upon a subsequent hearing before a magistrate.
In this proceeding, we must determine whether the "resubmission" procedure established by section 997 conflicts with article I, section 14 of the California Constitution, which provides in part, "Felonies shall be prosecuted as provided by law, either by indictment, or, after examination and commitment by a magistrate, by information." (Italics added.) We conclude that section 997 is consistent with the state constitution, because it provides for a hearing before a magistrate after the new information is filed. We also conclude that article I, section 14.1 of the California Constitution, which prohibits postindictment preliminary hearings, has no application when an indictment has been set aside under section 995.

FACTS AND PROCEDURAL HISTORY
On October 11, 2000, the Ventura County Grand Jury indicted real party in interest Michael Joseph Schultz (defendant) for first degree murder with special circumstances. The defense filed a motion to set aside the indictment under section 995, arguing that the grand jury selection procedures were discriminatory because women were underrepresented.[2]
*421 Because the judges on the Ventura County Superior Court were involved in the grand jury selection procedures challenged by the defense, the section 995 motion was heard by the Santa Barbara County Superior Court before the Honorable Frank J. Ochoa. The motion was granted on February 1, 2002, on the ground that the relatively low percentage of women violated defendant's statutory right under section 904.6, subdivision (e), to a grand jury drawn from a representative cross-section of the community. In his statement of decision, Judge Ochoa ordered, "Pursuant to Penal Code section 997 this court directs that the case either be resubmitted to a grand jury composed in compliance with the provisions of 904.6[, subdivision] (e) of the Penal Code, or that an information be filed by the district attorney."
On February 4, 2002, the parties appeared before the Honorable James P. Cloninger of the Ventura County Superior Court for further proceedings. The deputy district attorney had prepared a criminal complaint containing the same charges as in the indictment. Judge Cloninger suggested that in light of Judge Ochoa's order and section 997, it would be appropriate to denominate the pleading an information rather than a complaint. The title of the pleading was changed by interlineation from "Felony Complaint" to "Information" and was ordered filed under the same case number as the previous indictment (Ventura County Superior Court, case No. CR49517). A preliminary hearing was scheduled to determine whether defendant should be held to answer on the charges.
Defense counsel objected to proceeding by way of information. Counsel argued that the district attorney should instead file a criminal complaint under a new case number, proceed with a preliminary hearing, and then file an information if the magistrate determined there was probable cause to hold defendant to answer in superior court.
Before the scheduled preliminary hearing was held, the defense filed a second motion under section 995, this time seeking to set aside the information. Counsel argued that under article I, section 14 of the California Constitution, an information could not be filed unless a magistrate had first issued a commitment order after a preliminary hearing. To the extent that section 997 permits an information to be filed before a preliminary hearing is held, it conflicts with the state constitution and is invalid. Additionally, article I, section 14.1 of the California Constitution prohibits postindictment preliminary hearings. Defense counsel argued that because the case had been initiated by indictment, no preliminary hearing could be held and there could be no valid commitment to superior court.
The second section 995 motion was assigned to the Honorable Art Gutierrez of the Ventura County Superior Court. On February 19, 2002, Judge Gutierrez granted the motion, ruling that the California Constitution prevented the district attorney from filing an information before a preliminary hearing was held.
The district attorney has now filed a criminal complaint against defendant, which contains the same charges under a new case number (Ventura County Superior Court, case No. 2002004949). Concerned that the two orders granting defense motions under section 995 will be *422 construed as two dismissals for purposes of determining whether that new action may proceed (see § 1387, subd. (a), generally prohibiting filing of third action following two dismissals under section 995), the district attorney has also filed a petition for a writ of mandate and/or prohibition with this court, seeking to set aside those orders. We issued an order to show cause to determine whether the order of February 19, 2002, setting aside the information, should be reversed.

DISCUSSION
Unless prohibited by the "two dismissal" rule of section 1387, subdivision (a), the prosecution may refile felony charges after an indictment or information is set aside under section 995. (People v. Uhlemann (1973) 9 Cal.3d 662, 666, 108 Cal.Rptr. 657, 511 P.2d 609; § 999.) This is typically accomplished by either seeking a new indictment before the grand jury or by filing a felony complaint, proceeding with a preliminary hearing, and filing an information in superior court if the magistrate determines there is sufficient cause to hold the defendant to answer. (Uhlemann, supra, at p. 666, 108 Cal.Rptr. 657, 511 P.2d 609; In re Geer (1980) 108 Cal. App.3d 1002, 1010, 166 Cal.Rptr. 912; People v. Sahagun (1979) 89 Cal.App.3d 1, 16, 152 Cal.Rptr. 233.)
In this case, the district attorney reinstituted charges after the indictment was set aside by filing a new information under the same superior court case number. This procedure was authorized by section 997, which provides, "... If the [section 995] motion is granted, the court must order that the defendant, if in custody, be discharged therefrom ..., unless it directs that the case be resubmitted to the same or another grand jury, or that an information be filed by the district attorney; provided that after such order of resubmission the defendant may be examined before a magistrate, and discharged or committed by him, as in other cases, if before indictment or information filed he has not been examined and committed by a magistrate." (Italics added.)
Judge Gutierrez granted defendant's second section 995 motion and set aside the information because it was filed before a preliminary hearing had been held. He concluded that to the extent section 997 allows an information to be filed before there has been a preliminary hearing or commitment order by a magistrate, it conflicts with the state constitutional requirement that prosecutions by information proceed "after examination and commitment by a magistrate." (Cal. Const., art. I, § 14.)
The state constitution is controlling and statutes that are inconsistent with it cannot stand. (McKirdy v. Superior Court (1982) 138 Cal.App.3d 12, 20, 188 Cal.Rptr. 143.) The constitutionality of a statute is a question of law which we review de novo. (People v. Health Laboratories of North America, Inc. (2001) 87 Cal.App.4th 442, 445, 104 Cal.Rptr.2d 618.) Courts will presume a statute is valid "unless its unconstitutionality clearly, positively, and unmistakably appears; all presumptions and intendments favor its validity." (People v. Falsetta (1999) 21 Cal.4th 903, 913, 89 Cal.Rptr.2d 847, 986 P.2d 182.) Defendant must carry a heavy burden to prevail on his claim that section 997 is unconstitutional. (Id. at pp. 912-913, 89 Cal.Rptr.2d 847, 986 P.2d 182.)
The trial court erred when it ruled that the resubmission procedure of section 997 conflicts with article I, section 14 of the California Constitution. The purpose of the constitutional provision is "`to give the accused a preliminary hearing either before a grand jury or before a *423 committing magistrate, and to deny the district attorney the right to force an accused to trial before a jury upon an information which is not within the scope of the evidence taken.'" (People v. Casillas (2001) 92 Cal.App.4th 171, 179, 111 Cal. Rptr.2d 651, citing People v. Fyfe (1929) 102 Cal.App. 549, 553, 283 P. 378.) Under section 997, a preliminary hearing must be held before the defendant is required to stand trial on felony charges brought by information. Felony charges filed by information thus will be "prosecuted ... after examination and commitment by a magistrate," as required by the constitution. (Cal. Const., art. I, § 14.
)
Defendant suggests that a commitment order by a magistrate is a jurisdictional prerequisite for filing an information, which cannot be satisfied by holding a subsequent preliminary hearing. In a case not governed by section 997, he would be correct. Section 738 provides, "Before an information is filed there must be a preliminary examination of the case against the defendant and an order holding him to answer under Section 872. The proceeding for a preliminary examination must be commenced by written complaint, as provided elsewhere in this code." But section 997 is a special statute that governs the refiling of charges when an indictment or information has been set aside under section 995. "When there is a conflict between a general and a special law, the special law must control." (People v. Ranger Ins. Co. (1998) 66 Cal.App.4th 1549, 1554, 78 Cal.Rptr.2d 763.)
The Supreme Court's decision in Ex Parte Baker (1891) 88 Cal. 84, 25 P. 966 does not require a different result. In Baker, the prosecution filed a second information under section 997 after the first information was set aside because the defendant had not been legally committed by a magistrate. A preliminary hearing was never held after the filing of the second information. Shortly before his trial commenced, the defendant filed a petition for writ of habeas corpus on the ground that he had not been legally committed by a magistrate. The Supreme Court agreed and ordered him discharged. (Id. at p. 85, 25 P. 966.)
The Baker court observed that at the time, there were two grounds for setting aside an information under section 995:(1) the defendant had not been legally committed by a magistrate before the information was filed; and (2) the information had not been subscribed by the district attorney of the county. In the later situation, the court could simply order a new information filed under section 997. If, however, the defendant had not been legally committed, "then he must be taken before a committing magistrate for another examination, if the district attorney desires to further prosecute the case." (Ex Parte Baker, supra, 88 Cal. at p. 85, 25 P. 966.)
Defendant's case was set for a preliminary hearing at the same time the court ordered the information filed. Unlike the defendant in Baker, this is not a situation in which he will be held for trial on felony charges without an examination before a magistrate. We do not construe Baker to absolutely require that a preliminary hearing be completed before an information under section 997 is filed. Such an interpretation would be contrary to the plain language of section 997, which contemplates that the case will be presented to a magistrate after it has been resubmitted.
Nor was the filing of an information precluded by People v. Bright (1910) 157 Cal. 663, 109 P. 33. The main issue in Bright was whether the trial court had properly set aside an indictment based on the bias of a grand juror who participated in deliberations but did not actually cast a vote. The Supreme Court affirmed the *424 lower court order and observed that if the prosecution had wanted to pursue the charges, the "simple remedy of the district attorney would have been to obtain a direction from the trial court that the case be resubmitted to the same or another grand jury ... or a new prosecution could have been instituted before a committing magistrate." (Id. at p. 667, 109 P. 33.) Bright did not discuss whether the court alternatively could have ordered an information filed, subject to a subsequent hearing before a magistrate.
Defendant also suggests that by filing an information under the same case number as the indictment, the district attorney ran afoul of article I, section 14.1 of the California Constitution, which provides: "If a felony is prosecuted by indictment, there shall be no postindictment preliminary hearing." Defendant reasons that because he was originally charged by indictment, no preliminary hearing could be held in the same case; yet, a hearing before a magistrate is required by both section 997 and the California Constitution when the district attorney proceeds by information rather than indictment. According to defendant, the impossibility of ever holding a preliminary hearing in this case required dismissal of the information.
We are not persuaded that the California Constitution creates the catch 22 suggested by defendant. Article I, section 14.1 was enacted as part of Proposition 115 and abrogated case law giving defendants who had been indicted the right to a preliminary hearing before a magistrate. (Bowens v. Superior Court (1991) 1 Cal.4th 36, 44-46, 2 Cal.Rptr.2d 376, 820 P.2d 600.) The purpose of article I, section 14.1, was to conserve judicial resources by eliminating the requirement of a second probable cause determination. (Id. at pp. 43-45, 2 Cal.Rptr.2d 376, 820 P.2d 600.) When an indictment has been set aside and an information has been filed under section 997, the felony is no longer being "prosecuted by indictment" and the case can only proceed if the defendant is committed after a subsequent hearing before a magistrate. In such cases, the magistrate's determination of probable cause does not duplicate the grand jury's, and article 1, section 14.1 does not apply.
For these reasons, the resubmission procedure allowed by section 997 does not conflict with the state constitution. The district attorney was entitled to file an information rather than a criminal complaint, so long as the case was heard before a magistrate within a reasonable period of time.[3] The trial court erred when it granted defendant's second motion under section 995.

CONCLUSION
Our collective experience tells us that the resubmission procedure established by section 997 has been rarely utilized in the counties within our district. The relative paucity of case law interpreting this aspect of the statute suggests that the same may be true for other jurisdictions within the state. But the infrequency of a procedure does not render it invalid. The district attorney's decision to proceed by information was consistent with Judge Ochoa's order setting aside the indictment and with statutory language that has remained *425 unchanged since it was added to section 997 in 1880. (Stats.1880, ch. 47, p. 17, § 43.)
A resubmission by information under section 997 does not affect a defendant's substantive right to a pretrial probable cause determination, because a preliminary hearing must be held after the information is filed. It potentially affects the defendant's right to assert the two dismissal rule under section 1387, because when the case is resubmitted by information under the same case number, there is a question as to whether the previous order setting aside an indictment or information under section 995 is "an order terminating the action" within the meaning of section 1387, subdivision (a).
We need not resolve that issue here. In light of our conclusion that the information should be reinstated, there has been, at most, a single dismissal of this action, and the two dismissal rule is not implicated. If subsequent events make it necessary to revisit this issue, nothing in our decision today prohibits either party from litigating whether Judge Ochoa's order setting aside the indictment terminated the action for purposes of section 1387, subdivision (a).
We observe that when section 997 was amended to include the language authorizing resubmission by information, the two dismissal rule did not exist and an order granting a section 995 motion was no bar to future prosecutions in felony cases. (§ 999; see former § 1387 [Enacted 1872, Amended by Stats.1905, ch. 558, p. 724, § 1; Stats.1951, ch. 1674, p. 3857, § 142; Stats.1975, ch. 1069, p. 2615, § 1]; People v. Van Eyk (1961) 56 Cal.2d 471, 477, 15 Cal.Rptr. 150, 364 P.2d 326.) Now that the law has changed to make two dismissals under section 995 a bar to most felony prosecutions, the Legislature may wish to revisit section 997 to clarify whether an order granting a section 995 motion and directing the district attorney to resubmit the case by information is an order terminating the action under section 1387.

DISPOSITION
The order granting defendant's motion to set aside the information under section 995, entered on February 19, 2002, is reversed. The order to show cause is discharged. A writ of mandamus shall issue directing the trial court to enter a new and different order denying the motion to set aside the information. The stay of proceedings in People v. Schultz, case No. 2002004949 is lifted. The matter is remanded to the trial court for further proceedings consistent with this opinion.
We concur: GILBERT, P.J., and YEGAN, J.
NOTES
[*] In denying review, the Supreme Court ordered that the opinion be not officially published.

(See California Rules of CourtRules 976 and 977).
[1] All statutory references are to the Penal Code.
[2] We express no opinion as to whether a motion under section 995 was the correct procedure for litigating this issue, which was based on facts outside the record of the grand jury proceedings. (See, e.g., Stanton v. Superior Court (1987) 193 Cal.App.3d 265, 269, 239 Cal.Rptr. 328; People v. Crudgington (1979) 88 Cal.App.3d 295, 299, 151 Cal.Rptr. 737 [section 995 motion reviews sufficiency of indictment or information on the basis of the record made before the grand jury or magistrate].) Both the parties and the trial court treated the motion as one made under section 995, and the propriety of the order setting aside the indictment is not before us.
[3] Section 997 does not specify the time within which the case must be heard by a magistrate after an information is filed. When no time limit has been specified for the doing of an act, it may be done within a reasonable time. (Beck v. Piatt (1972) 24 Cal.App.3d 611, 616, 101 Cal.Rptr. 236.) A "reasonable time" in this situation means holding the preliminary hearing on the information no later than would be permitted if the charging document was a felony complaint.